Skip to Main Content  Logout  My Account  Search Menu  Search  Refine Search  Back                    Location : 2nd District   Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2020-05310

| | | |
|---|---|---|
| Security USA Services LLC v. Invariant Corp, et al. | § § § § § | Case Type: **Civil Violations, Statutes, Ordinances**<br>Date Filed: **09/21/2020**<br>Location:<br>Judicial Officer: **O'Connell, Erin** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **Hyperion Technology Group Inc**<br>3248 West Jackson, Rd.<br>Tupelo, MO 38801 | |
| **Defendant** | **Invariant Corp**<br>4035 Chris Drive, Ste. F<br>Huntsville, AL 35802 | |
| **Plaintiff** | **Security USA Services LLC**<br>3821 Singer Blvd., NE<br>Albuquerque, NM 87109 | **Augustine Rodriguez**<br>*Retained*<br>505-332-3173(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/21/2020 | **Cause Of Actions**<br>Action Type | Statutes, Ordinance Violations, Miscellaneous<br>Action |
| 09/21/2020 | **Cause Of Actions**<br>Action Type | Other Damages<br>Action |
| 09/21/2020 | **Cause Of Actions**<br>Action Type | Tort Injunction<br>Action |
| 09/21/2020 | **OPN: COMPLAINT** | |
| 09/21/2020 | **ARB: CERT NOT SUBJECT** | |
| 09/25/2020 | **Summons**<br>  Invariant Corp<br>  Hyperion Technology Group Inc | <br>Unserved<br>Unserved |

---

### FINANCIAL INFORMATION

**Plaintiff** Security USA Services LLC
Total Financial Assessment                                                                                                  132.00
Total Payments and Credits                                                                                                  132.00
**Balance Due as of 10/26/2020**                                                                                              **0.00**

| | | | | |
|---|---|---|---|---|
| 09/21/2020 | Transaction Assessment | | | 132.00 |
| 09/21/2020 | File & Serve Payment | Receipt # ALBD-2020-19778 | Security USA Services LLC | (132.00) |

# EXHIBIT 1

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
9/21/2020 1:37 PM
CLERK OF THE COURT
Blair Sandoval

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SECURITY USA SERVICES, LLC.,

    Plaintiffs,

vs.                                                   No.   D-202-CV-2020-05310

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

    Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 15 U.S.C. §§ 1114(1), 1125(C) FOR TRADEMARK INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, FOR VIOLATION OF THE NEW MEXICO TRADEMARK ACT AND THE NEW MEXICO DILUTION ACT AND COMMON LAW UNFAIR COMPETITION

**COMES NOW**, Security USA Services, LLC., by and through its attorneys, Law Office of Augustine M. Rodriguez L.L.C., (Augustine M. Rodriguez, Esq.) and for its Complaint for Damages and Injunctive Relief for Trademark Infringement and Dilution, Unfair Competition, for Violation of the New Mexico Trademark Act and the New Mexico Dilution Act and Common Law Unfair Competition, under sections 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c) (the "Lanham Act"), states as follows:

### JURISDICTION AND VENUE

1.     This court has jurisdiction over the subject matter hereof under Section 39 of the Lanham Act, 15 U.S.C. §§ 1121 et seq., and 28 U.S.C. §§ Sections 1331, 1332, 1338(a), 1338(b), and 1467 of the Judicial Code. Venue is proper under 28 U.S.C. §1391(b) and (c), in that Defendants are doing business in this District.

1

## THE PARTIES

2. Plaintiff Security USA Services, LLC., (Hereinafter "Security USA") is a corporation organized and existing under the laws of the State of New Mexico with a place of business in Albuquerque, Bernalillo County, State of New Mexico.

3. Upon information and belief, Defendant Hyperion Technology Group, Inc., (Hereinafter "HTG"), is a Missouri foreign corporation authorized to do business and doing business nationally and is located at 3248 West Jackson St., Tupelo, Missouri 38801.

4. Upon information and belief, Defendant Invariant Corp., (Hereinafter "Invariant"), is an Alabama foreign corporation authorized to do business and doing business nationally and is located at 4035 Chris Drive, Ste. F, Huntsville, Alabama 35802.

5. All events material hereto occurred in the Tenth Judicial District and in Albuquerque, Bernalillo County, New Mexico.

## STATEMENT OF FACTS

6. Plaintiff is the manufacturer, distributer, licensor and seller of a wide variety of security system goods, sold under the trademark FIREFLY$^{TM}$ which also serve as the trade names for Plaintiff.

7. The FIREFLY$^{TM}$ mark has been continuously used on goods to identify Plaintiff Security USA Services, L.L.C., which is the successor-in-interest of Security USA, Inc., which is now licensed to EAGL Technology, L.L.C., ("EAGL"), since at least 2016 and the mark was first used on Plaintiff's goods on October 1, 2014.

8. Because of extensive and varied experience in the security system market and the novelty of the gunshot detection system marketed throughout the United States under the

FIREFLY™ and the gaining national reputation established over the years, Plaintiff's gunshot detection system have become well known.

9. In 2018, Plaintiff Security USA assigned all right, title and interest in and to the trademark and trade name FIREFLY™ to EAGL.

10. On June 1, 2017, Plaintiff launched its Web site at the internet address www.securityusa.com. The full spectrum of the Plaintiff's goods are available for purchase on its website. Since the website's launch, Plaintiff's sales have been substantial.

11. Plaintiff's products under the FIREFLY™ trademark have been regularly advertised in trade shows and media circulated throughout the United States and the trademark are associated with Plaintiff and its business activities.

12. Plaintiff is the owner of a number of valid and subsisting federal trademark registrations, including but not limited to FIREFLY™, U.S. Trademark Registration No. 5,328,570, which was filed on March 31, 2017 and was registered on November 7, 2017.

13. The public has thus come to know and recognize Plaintiff by its trade names and FIREFLY™ trademark.

14. Plaintiff has spent substantial sums of money to advertise and promote the FIREFLY™ products. As a result of Plaintiff's activities and the high quality of goods and services offered under the FIREFLY™ trademark, these products and services have received and continue to receive widespread favorable attention.

15. As a result of Plaintiff's continuous and exclusive use of its FIREFLY™ trademark for over six years, and extensive sales and promotion of the trademark branded products during that time period, Plaintiff's trademarks have acquired enormous value and have become extremely

well known to the consuming public in the trade and serve immediately to identify and distinguish Plaintiff's products and services.

## DEFENDANTS UNLAWFUL ACTIVITIES

16. Beginning on or about September 25, 2018, Plaintiff Security USA was contacted by the Colorado Springs Police Department regarding the testing of a gunshot detection system marketed under the name firefly.

17. Later Security USA was also contacted by a news reporter from KRDO-TV, a Colorado Springs, Colorado television station for comment and information about the firefly system.

18. Employees of Plaintiff Security USA were also approached at a Las Vegas, Nevada trade show about another company that was also marketing a detection system under the name of firefly.

19. Plaintiff Security USA found that Defendants Invariant Corporation and Hyperion Technology Group were the companies who's marketing was causing confusion regarding the use of the firefly name.

20. On or about January 4, 2019, a representative of Plaintiff Security USA issued a cease and desist letter to David Anderson, the President of Invariant Corporation, in Huntsville, Alabama.

21. Upon information and belief, Defendants market an outdoor gunshot detection system under the tradename FireFLY.

22. Upon information and belief, Defendants first use of the mark FireFLY in commerce within the United States was subsequent to Plaintiff's adoption and use of its

4

FIREFLY™ trademark, and long after the products and services represented by the trademark achieved nationwide acclaim.

23. Upon information and belief, Defendants began using FireFLY in national commerce with full knowledge of the enormous and valuable goodwill built up by Plaintiff and associated with Plaintiff's FIREFLY™ trademark. Plaintiff has neither consented to nor authorized Defendants' use of the mark and name.

24. Upon information and belief, Defendants' products are sold over the internet in New Mexico and throughout the country, and their target customers are identical to or overlap with Plaintiff's customers.

25. Defendants use of the name FireFLY on their products is confusingly similar to Plaintiff's FIREFLY™ trademark and is likely to cause consumers to believe that the products offered by Defendants are created, licensed, sponsored by, connected with, or otherwise associated with Plaintiff, or otherwise come from the same source as products identified by the FIREFLY™ trademark.

26. By use of the mark and name FIREFLY™ trademark, Defendants are knowingly and willfully trading on and exploiting Plaintiff's reputation and goodwill. Defendants' activities are calculated for the purpose of deriving commercial benefit from Plaintiff's famous and previously established trademark and are designed to falsely suggest a connection with or sponsorship by Plaintiff that does not exist.

27. The confusion resulting from Defendants' use of the FIREFLY™ trademark will harm Plaintiff because the general public is likely to believe mistakenly that Plaintiff has produced, licensed, endorsed, sponsored, promoted or approved of the products produced or distributed by

Defendants, or that Plaintiff and Defendants are connected in some other way. Plaintiff is also being harmed in that it has no control over the type or quality of the products distributed by the Defendants under the FIREFLY™ trademark.

28. Plaintiff has objected to Defendants' use of FIREFLY™ on the grounds that it infringes Plaintiff's rights in its trademark, in that it creates a likelihood that the public will perceive a connection between Plaintiff and Defendants' products and services. Defendants have rejected Plaintiff's claim and willfully continue to use the confusingly similar FireFLY mark in the sale of their product.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. §1114(1)

29. The Plaintiff incorporate by reference the previous allegations as if fully set forth herein.

30. The distribution, sale, and advertisement of Defendants' product under the FireFLY mark is confusingly similar to Plaintiff's FIREFLY™ trademark, and is likely to cause confusion or to cause mistake, or to deceive Defendants' customers and potential customers and the public as to the source or sponsorship of Defendants' products. Consumers are likely to be misled into believing that Defendants' products were manufactured by, sponsored by, or are connected in some way with, Plaintiff. Such confusion is inevitable nationally as Plaintiff markets and sells its products throughout the United States.

31. The use by Defendants of the FireFLY mark has already irreparably damaged Plaintiff by infringing its federally-registered trademark FIREFLY™ in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1), and will, unless retrained, further damage Plaintiff and impair

the goodwill symbolized by Plaintiff's FIREFLY™ trademark. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. §1125(A)**

32. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

33. Defendants' use of the trade name and mark FireFLY constitutes a false designation of origin or a false or misleading description or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' products by Plaintiff.

34. By reason of the foregoing, Defendants have willfully violated and are continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Defendants conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and to deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**DILUTION UNDER FEDERAL LAW**
**15 U.S.C. §1125(C)**

35. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

36. Plaintiff's FIREFLY™ trademark is famous and well-known throughout the United States, having been used by Plaintiff for more than six years. By reason of Plaintiff's use, the

FIREFLY™ trademark has become highly distinctive.

37. Defendants' commercial use of the mark FireFLY in connection with goods that are not controlled by, affiliated with or sponsored by Plaintiff is likely to dilute the distinctive quality of Plaintiff's famous FIREFLY™ trademark by lessening its capacity to exclusively identify and distinguish Plaintiff and its goods and by tarnishing Plaintiff's reputation.

38. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to reap the benefit of Plaintiff's goodwill and dilute the distinctiveness of Plaintiff's mark in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c).

39. At all relevant times when Defendants used FireFLY in connection with their products, 15 U.S.C. §1125 (c), as well as the anti-dilution statute of New Mexico, NMSA 57-3B-15, and the antidilution statutes of certain other states, were in effect, and Defendants had actual or constructive knowledge of these statutes.

40. The aforesaid conduct is causing Plaintiff to suffer irreparable injury and damage, and unless restrained, will cause further irreparable injury and damage to Plaintiff. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION UNDER NEW MEXICO LAW

41. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

42. Defendants' aforesaid actions constitute unfair competition in violation of Plaintiff's rights and infringement of Plaintiff's common law trademark rights, on information and belief, by being calculated to represent and suggest and imply falsely that Defendants' products are made, sold sponsored, licensed, authorized or connected with Plaintiff; by confusing

8

Defendants' customers and potential customers and the public into believing that Defendants' goods emanate from or are authorized by Plaintiff and/or that Defendant are the owners of rights in Plaintiff's FIREFLY™ trademark and trade names; by palming off Defendants' goods as goods authorized by Plaintiff; by diluting the distinctive quality of Plaintiff's FIREFLY™ trademark by reason of this unauthorized use; by interfering with the advantageous relations that Plaintiff enjoys and can reasonably anticipate having with customers and others with whom Plaintiff has and/or can reasonably anticipate having contractual relations with respect to use of its FIREFLY™ trademark; and by wrongfully infringing and misappropriating Plaintiff's property and trademark rights under the laws of the State of New Mexico and common law in Plaintiff's FIREFLY™ trademark.

43. Defendants' aforesaid acts of unfair competition, dilution, and trademark infringement have already caused Plaintiff irreparable damage and will, unless restrained, continue to so damage the Plaintiff, its goodwill and its entire product line, for all of which there is no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### TRADEMARK DILUTION UNDER NEW MEXICO LAW
### NMSA 57-3B-15

44. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

45. Plaintiff's FIREFLY™ trademark is well-known and famous throughout New Mexico and the United States, having been used extensively by Plaintiff for over six years. By reason of Plaintiff's extensive use of the FIREFLY™ trademark, it has become highly distinctive of Plaintiff's goods and is associated with Plaintiff, both at the present time and before Defendants'

activities commenced.

46. Defendants' commercial use of the FireFLY mark in connection with goods that are not controlled by, affiliated with or sponsored by Plaintiff has diluted and will continue to dilute the distinctive quality of Plaintiff's FIREFLY™ trademark by lessening its capacity to exclusively identify and distinguish Plaintiff and its goods and services and by tarnishing Plaintiff's reputation.

47. Upon information and belief, the foregoing acts were done willfully and deliberately with an intent to reap the benefit of Plaintiff's goodwill and dilute the distinctiveness of Plaintiff's FIREFLY™ trademark.

48. Defendants' aforesaid actions are in violation of N.M.S.A. §57-3B-15 and have irreparably damaged Plaintiff and will, unless restrained, continue to so damage Plaintiff, all of which cannot be adequately remedied at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays judgment against Defendants and requests that this Court grant relief as follows:

A. That temporary, preliminary and permanent injunctions be issued enjoining Defendants, their employees, agents, licensees, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of them, and each of them who receive notice directly or otherwise of such injunction, from using the FIREFLY™ trademark or any other mark likely to cause confusion with the FIREFLY™ trademark anywhere in the world on or in connection with any of Defendants' goods, services or the advertising or promotion thereof, from infringing Plaintiff's FIREFLY™ trademark and trade names, from falsely

designating the origin, sponsorship or affiliation of their business and goods, from unfairly competing with Plaintiff, from diluting the distinctive quality of Plaintiff's FIREFLY™ trademark and from commercially exploiting Plaintiff's identity;

B. Directing that Defendants deliver up to Plaintiff for destruction or other disposition of all products, labels, catalogs, tags brochures, cards, plates, advertisements, signs, displays, literature, stationary, promotional material, internet web pages, and all other items incorporating or bearing the designation FireFLY and remove from the stream of commerce all lists, including but not limited to, trade books, trade magazines, telephone listings, internet web pages, social media applications and showroom names;

C. Directing Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days of the entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction and order;

D. Deny the use of FireFLY to Defendants, declaring that Defendants have no right to use and ordering Defendants to expressly abandon the use of the mark FireFLY, and granting such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product manufactured, sold or otherwise promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products or services.

E. Directing such other relief as the Court may deem appropriate to prevent the public from deriving erroneous impression that Defendants are associated or connected with Plaintiff or that any goods or services provided by or promoted by Defendants are authorized by Plaintiff or are related in any way to Plaintiff, or its products;

F. Awarding damages in three times the amount of Plaintiff's actual damages incurred by reason of the facts and occurrences alleged herein;

G. Requiring Defendants to Account for and pay over to Plaintiff three times the profits realized by Defendants from their unfair competition with Plaintiff;

H. Awarding to Plaintiff interest on the foregoing sums, as well as Plaintiff's reasonable attorney's fees in this action, and such other and further relief as the Court may deem just and proper, together with Plaintiff's costs and disbursements in this action;

I. Set this matter for trial by jury of six (6) persons;

J. Find that Defendants are liable for the acts and omissions as stated herewith; and

K. Award such additional and further relief as the Court may deem just and proper.

**Respectfully Submitted,**
LAW OFFICE OF
AUGUSTINE M. RODRIGUEZ, L.L.C.,


*/s/Augustine M. Rodriguez*
AUGUSTINE M. RODRIGUEZ, ESQ.
Attorney for Plaintiff
P.O. Box 27178
Albuquerque, NM 87125
(505) 332-3173

## VERIFICATION

STATE OF NEW MEXICO      )
                         )  ss.
COUNTY OF BERNALILLO     )

I, Boaz Raz, President of Security USA Services, LLC., being first duly sworn upon my oath, depose and state that I am authorized to sign for the Plaintiff in this cause; I have read the foregoing COMPLAINT and the statements made therein are true and correct to the best of my knowledge, information and belief.

_____
BOAZ RAZ

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me this 17th day of September, 2020, by Boaz Raz.

_____
NOTARY PUBLIC

My Commission Expires:

Feb 8th 2022

OFFICIAL SEAL
Isaac Lopez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: Feb 8th 2022

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
9/21/2020 1:37 PM
CLERK OF THE COURT
Blair Sandoval

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SECURITY USA SERVICES, LLC.,

    Plaintiffs,

vs.    No. D-202-CV-2020-05310

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

    Defendants.

## CERTIFICATION
## COURT-ANNEXED ARBITRATION

**COMES NOW** Plaintiff Security USA Services, LLC, by and through its attorneys, LAW OFFICE OF AUGUSTINE M. RODRIGUEZ, L.L.C. (Augustine M. Rodriguez, Esq.), and certifies pursuant to LR2-603 that this case is not subject to referral to Court-Annexed Arbitration because the Plaintiff seeks a money judgment in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of punitive damages, interest, costs and attorney fees.

    Respectfully submitted,
    LAW OFFICE OF
    AUGUSTINE M. RODRIGUEZ, L.L.C.,


    */s/Augustine M. Rodriguez*
    AUGUSTINE M. RODRIGUEZ, ESQ.
    P. O. Box 27178
    Albuquerque, NM 87125
    (505) 332-3173
    *Attorneys for Petitioner*

| SUMMONS | |
|---|---|
| District Court: Second Judicial District<br>Bernalillo County, New Mexico<br>Court Address: 400 Lomas, Blvd., NW<br>Albuquerque, NM 87102<br>Court Telephone No.: (505) 841-8400 | Case Number: **D-202-CV-2020-05310**<br><br>Judge: **Erin O'Connell** |
| Plaintiff: **Security USA Services, LLC.,**<br>v.<br>Defendants: **Invariant Corp., and Hyperion Technology Group, Inc.** | Defendant<br>Name: **Invariant Corp.**<br>Address: **4035 Chris Drive, Ste. F**<br>**Hunstville, AL 35802** |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this ____ day of __9/25/2020__, 2020.

SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

/s/Augustine M. Rodriguez
Name: **Augustine M. Rodriguez**
Address: PO Box 27178, Albuquerque, NM 87125
Telephone No.: (505) 332-3173
Email Address: rodriguezlaw@yahoo.com
*Attorneys for Plaintiff*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS