IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC.,

    Plaintiff/Counter-Defendants,        Case No. 1:20-cv-01100-SCY-KRS

v.

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

    Defendants/Counterclaimants.

## DEFENDANTS' ANSWER AND COUNTERCLAIM

COME NOW Defendants/Counterclaimants Invariant Corp. ("Invariant") and Hyperion Technology Group, Inc. ("Hyperion") by and through their attorneys of record, Bardacke Allison LLP (Benjamin Allison and Breanna Contreras) and hereby submit their Answer, Affirmative Defenses and Counterclaim as follows.

1.    Paragraph 1 states a legal conclusion to which no response is necessary. To the extent a response is required, Hyperion and Invariant deny the same. Hyperion and Invariant further aver that the case has been removed to federal district court.

2.    Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 2 of plaintiff's Complaint, and therefore deny the same.

3.    Hyperion and Invariant admit that Hyperion is a corporation. Hyperion and Invariant deny the remaining allegations of paragraph 3.

4.    Hyperion and Invariant admit that Invariant is a corporation organized under the laws of Alabama with a place of business at 4035 Chris Drive, Suite F, Huntsville, Alabama

1

35802. Hyperion and Invariant deny the remaining allegations of paragraph 4.

5. Hyperion and Invariant deny paragraph 5.

6. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 6 of plaintiff's Complaint, and therefore deny the same.

7. Hyperion and Invariant deny paragraph 7.

8. Hyperion and Invariant deny paragraph 8.

9. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 9 of plaintiff's Complaint, and therefore deny the same.

10. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 10 of plaintiff's Complaint, and therefore deny the same.

11. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 11 of plaintiff's Complaint, and therefore deny the same.

12. Hyperion and Invariant admit that U.S. Trademark Registration No. 5,328,570 was issued on November 7, 2017 to Security USA Services, LLC based on an application filed on March 31, 2017. Hyperion and Invariant deny the remaining allegations of paragraph 12.

13. Hyperion and Invariant deny paragraph 13.

14. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 14 of plaintiff's Complaint, and therefore deny the same.

15. Hyperion and Invariant deny paragraph 15.

16. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 16 of plaintiff's Complaint, and therefore deny the same.

17. Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 17 of plaintiff's Complaint, and therefore deny the same.

18.     Hyperion and Invariant lack knowledge sufficient to admit or deny paragraph 18 of plaintiff's Complaint, and therefore deny the same.

19.     Hyperion and Invariant deny paragraph 19.

20.     Hyperion and Invariant admit that David Anderson, president of Invariant Corporation, received a letter in Huntsville, Alabama, dated January 4, 2019, purporting to be from Boaz Raz, managing member of Security USA Services, LLC. Hyperion and Invariant deny the remaining allegations of paragraph 20.

21.     Hyperion and Invariant admit that, at least as early as 2011, they began developing, testing and marketing a gunfire detection and location system under the mark FIREFLY, in conjunction with the U.S. Army's Aviation and Missile Research, Development and Engineering Center.  Hyperion and Invariant deny the remaining allegations of paragraph 21.

22.     Hyperion and Invariant deny paragraph 22.

23.     Hyperion and Invariant deny paragraph 23.

24.     Hyperion and Invariant admit that they offer their FIREFLY products for sale throughout the country. Hyperion and Invariant deny the remaining allegations of paragraph 24.

25.     Hyperion and Invariant deny paragraph 25.

26.     Hyperion and Invariant deny paragraph 26.

27.     Hyperion and Invariant deny paragraph 27.

28.     Hyperion and Invariant admit plaintiff objects to Defendants' use of FIREFLY and further admit that they continue to use the FIREFLY trademark in the sale of their product. Hyperion and Invariant deny the remaining allegations of paragraph 28.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

29. In response to paragraph 29, Hyperion and Invariant refer to and incorporate all the foregoing paragraphs by reference.

30. Hyperion and Invariant lack knowledge sufficient to admit or deny that plaintiff markets and sells its products throughout the United States, and therefore deny the same. Hyperion and Invariant deny the remaining allegations of paragraph 30.

31. Hyperion and Invariant deny paragraph 31.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)

32. In response to paragraph 32, Hyperion and Invariant refer to and incorporate all the foregoing paragraphs by reference.

33. Hyperion and Invariant deny paragraph 33.

34. Hyperion and Invariant deny paragraph 34.

## THIRD CLAIM FOR RELIEF
## DILUTION UNDER FEDERAL LAW
## 15 U.S.C. § 1125(C)

35. In response to paragraph 35, Hyperion and Invariant refer to and incorporate all the foregoing paragraphs by reference.

36. Hyperion and Invariant deny paragraph 36.

37. Hyperion and Invariant deny paragraph 37.

38. Hyperion and Invariant deny paragraph 38.

39. Hyperion and Invariant admit that 15 U.S.C. § 1125(c) has been in effect during all times when they have used the mark FIREFLY in connection with their products, and aver

that the federal and New Mexico statutes speak for themselves. Hyperion and Invariant lack knowledge sufficient to admit or deny that anti-dilution statutes of "certain other states" were in effect, and therefore deny the same. Hyperion and Invariant deny the remaining allegations of paragraph 39.

40. Hyperion and Invariant deny paragraph 40.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION UNDER NEW MEXICO LAW

41. In response to paragraph 41, Hyperion and Invariant refer to and incorporate all the foregoing paragraphs by reference.

42. Hyperion and Invariant deny paragraph 42.

43. Hyperion and Invariant deny paragraph 43.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK DILUTION UNDER NEW MEXICO LAW
## NMSA 57-3B-15

44. In response to paragraph 44, Hyperion and Invariant refer to and incorporate all the foregoing paragraphs by reference.

45. Hyperion and Invariant deny paragraph 45.

46. Hyperion and Invariant deny paragraph 46.

47. Hyperion and Invariant deny paragraph 47.

48. Hyperion and Invariant deny paragraph 48.

Any allegation contained in plaintiff's Complaint against Hyperion and Invariant not specifically admitted herein is hereby denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because the action is not prosecuted in the name of the real party in interest and plaintiff lacks standing to bring them.

3. Plaintiff has failed to join all necessary and indispensable parties to the suit.

4. Hyperion and Invariant's actions as alleged by plaintiff were justified under state and federal law.

5. Plaintiff's claims for punitive damages are barred or limited by the state and federal Constitution.

6. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Hyperion's and Invariant's actions.

7. Plaintiff's claims are barred by estoppel, acquiescence, and/or unclean hands.

8. Plaintiff's claims are barred because plaintiff has not acquired trademark rights due to its unlawful use in commerce of the mark in connection with the sale of plaintiff's goods.

9. Plaintiff's claims are barred because Hyperion and Invariant are the senior users of the trademark and have superior rights in the mark FIREFLY.

10. Plaintiff's claims are barred because plaintiff is not the owner of the mark as to which it has asserted claims against Hyperion and Invariant.

11. Plaintiff's claims are barred in whole or in part because its mark does not meet the requisite standard for fame.

12. Plaintiff's claims are barred, in whole or in part, because the alleged infringement, if any, was innocent.

13. Plaintiff's claims are barred because Plaintiff's alleged damages, if any, were not caused by Hyperion and Invariant.

14. Without admitting that the Complaint states a claim, there has been no damage in any amount or manner by reason of any act alleged against Hyperion and Invariant in the Complaint and the relief prayed for in the Complaint therefore cannot be granted.

15. Plaintiff's claims for injunctive relief are barred because plaintiff cannot show that it will suffer any irreparable harm from Hyperion and Invariant's actions.

16. If Plaintiff suffered any damages, which is specifically denied, plaintiff failed to mitigate such damages.

17. Without admitting that the Complaint states a claim, any remedies are limited to the extent they seek overlapping or duplicative recovery for any alleged single wrong.

18. Plaintiff's alleged trademark registration is unenforceable because of plaintiff's own commission of fraud on the United States Patent & Trademark Office.

19. Plaintiff's Complaint is barred, in whole or in part, by abandonment of the mark at issue.

20. The claims asserted by plaintiff are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Hyperion and Invariant respectfully request that Plaintiff take nothing by its Complaint, judgment be rendered in favor of Hyperion and Invariant, for Hyperion and Invariant's full costs and attorneys' fees to the extent available by law, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendants/Counterclaimants Invariant and Hyperion, by and through their undersigned counsel, allege as follows for their Counterclaim against Plaintiff/Counterdefendant Security USA Services, LLC ("Security USA" or "Plaintiff"). Counterclaimants were the first to use FIREFLY as a trademark in interstate commerce for their gunfire and rocket-propelled weapon detection and location system, starting at least as early as August 2, 2011. Plaintiff began infringing the FIREFLY trademark several years later by using it for a similar device.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this counterclaim under the federal trademark statute.  15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338(a) and (b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

3. Invariant is a corporation organized under the laws of Alabama with a principal place of business in Huntsville, Alabama. Invariant is a software and systems engineering company that specializes in object-oriented simulation technologies.

4. Hyperion is a corporation organized under the laws of Mississippi with a principal place of business in Tupelo, Mississippi. Hyperion is an engineering services company that develops and provides custom electronic systems to government and industry consumers around the world.

5. Upon information and belief, Security USA is a corporation organized and existing under the laws of the State of New Mexico with a principal place of business in Albuquerque, Bernalillo County, State of New Mexico.

## GENERAL ALLEGATIONS

6. On or about March 21, 2011, Hyperion's CEO Geoff Carter went to the Army Research Labs in Adelphi, Maryland, to introduce Hyperion's services to the Army's research scientists. In discussing Hyperion's capability to use acoustic and infrared sensors to locate the source of gunfire, Mr. Carter was introduced to Dr. Timothy Edwards, a researcher with the Army Missile Research, Engineering and Development Center in Huntsville, Alabama. Dr. Edwards had a working relationship with Invariant in Huntsville.

7. Dr. Edwards and Invariant's David Anderson met with Hyperion scientists at Hyperion's facilities in Tupelo, Mississippi. The two companies began developing a prototype of their gunfire location system and named it FIREFLY. The Army soon after ordered and paid for a FIREFLY unit for testing on August 2, 2011, at the Yuma Proving Ground in Yuma, Arizona.

8. The 2011 Yuma testing revealed that FIREFLY was viable and that Counterclaimants had the expertise to perfect it. After a brief period of focused research and development, the device was ready to sell. FIREFLY has also been tested in New Mexico.

9. Counterclaimants put FIREFLY on sale in February 2012. A contractor on behalf of the U.S. Army first purchased FIREFLY March 13, 2012.

10. FIREFLY was successful in protecting American lives. Captain Seth Nason, commander of a combat outpost in the Kandahar providence of Afghanistan, wrote "The FireFLY system served a significant benefit for me as a commander. . . . Overall, the FireFLY system greatly enhanced my situational awareness."

11. Counterclaimants offered FIREFLY for sale at the Space and Missile Defense Symposium ("SMD Symposium") in August 2012. The SMD Symposium is the leading North

9

American trade show in the space and missile defense community, and is widely attended by leaders from the United States and its allies around the world.

12. Counterclaimants have continuously identified their weapons-fire detection system under the FIREFLY trademark, and have continuously marketed and offered their FIREFLY system for sale throughout the United States since 2012.

13. Counterclaimants have demonstrated and sold their FIREFLY system to major city police departments including Phoenix Police Department, and have partnered with the Bureau of Alcohol, Tobacco, Firearms and Explosives to make its FIREFLY system available across the United States.

14. Counterclaimants have supplied the FIREFLY system to military installations throughout the United States, including in Maryland, Virginia, Arizona, and Alabama.

15. Upon information and belief, Security USA saw or heard of Counterclaimants' FIREFLY product and developed a competing system which they wrongfully began marketing as FIREFLY in 2014.

16. Security USA registered FIREFLY as a trademark (U.S. Trademark Registration No. 5,328,570), applying for the registration on or about March 31, 2017, more than five years after Counterclaimants acquired trademark rights in FIREFLY for their original device.

17. The goods or services Security USA offers under its FIREFLY trademark are the same as or highly similar to those offered under the authentic FIREFLY trademark by Counterclaimants.

18. Security USA's use of the FIREFLY trademark on its products is likely to confuse consumers and likely to cause consumers to mistakenly believe that the products offered by plaintiff are created, licensed, sponsored by, connected with, or otherwise associated with

Counterclaimants, or otherwise come from the same source as products identified by the FIREFLY trademark.

19. All of Security USA's conduct described herein, including its infringing use in interstate commerce and registration of the confusingly identical FIREFLY trademark, was undertaken after Counterclaimants began their continuous use of FIREFLY as a trademark in interstate commerce for their weapons-fire detection system.

## COUNT I
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

20. Counterclaimants hereby re-allege and incorporate by this reference the proceeding paragraphs as if fully set forth herein.

21. Counterclaimants own trademark rights in FIREFLY, which is entitled to protection under the law.

22. Security USA's use of the trademark FIREFLY in connection with the distribution, advertising, promotion, offering for sale, and/or sale of its infringing goods, including its gunfire detection system, falsely designates the origin of those goods as Counterclaimants', or creates the false impression that Counterclaimants sponsor or approve of Security USA's products, or are associated or affiliated with Security USA, in violation of 15 U.S.C. §1125(a). This infringing use deceives prospective purchasers into believing that goods sold by Security USA under the infringing mark originate from or are endorsed by Counterclaimants. Security USA's use of the infringing mark is likely cause confusion, mistake, or deception as to the affiliation or connection of Counterclaimants with Security USA, and as to the origin, sponsorship, association, or approval of Security USA's infringing products. Upon information and belief, Security USA's use of FIREFLY for its own gunfire detection system has deceived consumers into believing that

Security USA is in some way associated with, connected with, or affiliated with Counterclaimants, all to Counterclaimants' damage.

23. Counterclaimants have no control over the quality of goods and gunfire detection systems offered by Security USA. Security USA's reckless disregard for Counterclaimants' rights is harmful to the public and to the outstanding reputation of Counterclaimants' FIREFLY system.

24. Security USA's infringement of the FIREFLY mark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a), has been undertaken in reckless and willful disregard for Counterclaimants' rights, and is designed to trade on the goodwill associated with the FIREFLY mark.

25. Upon information and belief, Security USA has, with knowledge of the falsity of the designation of origin, descriptions, and/or representations used in connection with the sale of their products, caused their products to be advertised, offered for sale, and sold in interstate commerce to the immediate and irreparable damage of Counterclaimants in violation of 15 U.S.C. § 1125(a). Security USA's conduct is therefore willful and reflects Security USA's intent to exploit the goodwill and strong brand recognition associated with Counterclaimants' FIREFLY trademark.

26. Unless and until enjoined by this Court, Security USA's infringement of the FIREFLY trademark will continue to the damage and detriment of Counterclaimants, for which Counterclaimants have no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

27. Counterclaimants hereby re-allege and incorporate by this reference the proceeding paragraphs as if fully set forth herein.

28. By the acts described above, Security USA has intentionally engaged in unfair competition in violation of the laws of the State of New Mexico.

29. Security USA's acts have caused, and will continue to cause, irreparable injury to Counterclaimants, for which Counterclaimants have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE Counterclaimants pray for judgment against Security USA as follows:

A. For the Court to grant preliminary and permanent injunctive relief enjoining Security USA and any principals, agents, servants, licensees, employees, successors, and assigns of Security USA and all those in privity, concert, or participation with Security USA from:

    i. imitating, copying, duplicating, or otherwise making any use of FIREFLY or any mark confusingly similar to FIREFLY;

    ii. manufacturing, producing, distributing, circulating, selling, or otherwise creating goods which bear any copy or colorable imitation of the FIREFLY mark;

    iii. using any unauthorized copy or colorable imitation of the FIREFLY marks in such fashion as is likely to relate or connect FIREFLY with Security USA;

    iv. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods or service advertised, promoted, offered, or sold by Security USA is sponsored, endorsed, connected with, approved, or authorized by Counterclaimants;

    v. causing a likelihood of confusion or injury to FIREFLY's business reputation and to the distinctiveness of the FIREFLY marks by unauthorized use of any confusingly similar mark;

      vi.    engaging in any other activity constituting unfair competition or infringement of the FIREFLY marks or Counterclaimants' rights in, or to use, or to exploit the same;

      vii.    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

    B.    For the Court to find that Security USA has infringed Counterclaimants' FIREFLY mark in violation of federal law and has damaged Counterclaimants' goodwill by its conduct.

    C.    For the Court to find that Security USA has engaged in unfair competition in violation of the common law of the State of New Mexico.

    D.    For the Court to award Counterclaimants monetary damages in an amount to be fixed by the Court in its discretion as just, including all of Security USA's profits or gains of any kind resulting from its willful infringement, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117.

    E.    For the Court to grant Counterclaimants their attorneys' fees and such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Dated: November 2, 2020.

                                                Respectfully submitted,

                                                BARDACKE ALLISON LLP

                                                By: /s/ *Benjamin Allison*
                                                Benjamin Allison
                                                Breanna Contreras
                                                P.O. Box 1808
                                                141 E. Palace Avenue
                                                Santa Fe, NM  87504-1808
                                                505-995-8000
                                                ben@bardackeallison.com
                                                breanna@bardackeallison.com

                                                *Counsel for Defendants/Counterclaimants Invariant Corp. and Hyperion Technology Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, the foregoing Defendants' Answer and Counterclaim was filed through the CM/ECF system, which caused the following persons to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

>LAW OFFICE OF AUGUSTINE M. RODRIGUEZ, L.L.C.
>Augustine M. Rodriguez
>P.O. Box 27178
>Albuquerque, NM 87125
>505-332-3173
>rodriguezlaw@yahoo.com

BARDACKE ALLISON LLP

By: /s/ *Benjamin Allison*
Benjamin Allison