IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

-vs-                                                                    No.  1:20-CV-01100-KWR/KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

      Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 22, 2020 at 2:00 p.m., and was attended by:

Augustine M. Rodriguez, Esq. for Plaintiff;

Ben Allison for Defendants Invariant Corp. and Hyperion Technology Group, Inc.

## NATURE OF THE CASE

This is an action commenced by Plaintiff Security USA Services, LLC, alleging that Defendant Invariant Corp. and Defendant Hyperion Technology Group, Inc., ("Defendants/Counterclaimants") are using Plaintiff's federally registered mark FIREFLY®, under U.S. Trademark Registration No. 5,328,570 in connection with their businesses' products, in violation of Plaintiff's federally registered rights and engaging in acts of unfair competition in violation of federal law.  Plaintiff seeks injunctive relief and damages pursuant to 15 U.S.C. §§1114, 1116 and 1117 for federal service mark infringement and pursuant to 15 U.S.C. §§1125, 1116 and 1117 for federal unfair competition and pursuant to the common law of the State of New Mexico for common law service mark infringement and unfair competition.

Defendants/Counterclaimants have filed an Amended Answer and Counterclaim denying the salient allegations of Plaintiff's Complaint and alleging Defendants/Counterclaimants are the true owners of the trademark FIREFLY because they were using the trademark several years before Plaintiff. Defendants/Counterclaimants assert counterclaims for false designation of origin under 15 U.S.C. § 1125(a) (Count I), unfair competition (Count II) and cancellation of Plaintiff's FIREFLY trademark registration under 15 U.S.C. § 1119 (Count III).

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff(s) should be allowed until February 16, 2021 to move to amend the pleadings and until February 16, 2021 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants(s) should be allowed until March 16, 2021 to move to amend the pleadings and until March 16, 2021 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

### STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction over the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1.   Plaintiff is a New Mexico company.

2.   Defendant Invariant is a corporation with principal place of business in Huntsville, Alabama.

3.   Defendant Hyperion Technology Group, Inc., is a corporation with principal place of business in Tupelo, Missouri.

4. The law governing this case is the Lanham Act, 15 U.S.C. § 1051 *et seq.*, federal trademark law pursuant to the Lanham Act, and the common law of the State of New Mexico.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that Defendants have no right to continue using the service mark FireFly and any other service mark confusingly similar to Plaintiff's federally registered mark FIREFLY®.

## DEFENDANT'S CONTENTIONS

Defendants contend they are the true owners of the trademark FIREFLY. Beginning in 2011, Defendants have continuously used the trademark FIREFLY in interstate commerce in connection with their gunfire detection system, and thereby acquired trademark rights in FIREFLY for a gunshot detection system. Defendants' first use of the mark FIREFLY in 2011 long predates Plaintiff's alleged first use of FIREFLY in October 2014. Defendants have in fact owned and used the trademark FIREFLY since before Plaintiff existed (Plaintiff was incorporated in 2016). Plaintiff's later junior use and registration of the mark FIREFLY infringes Defendants' exclusive and superior common law trademark rights.

Further, Plaintiff's registration was obtained by fraud because at the time of registration, Plaintiff was aware of Defendants' use of the FIREFLY trademark and either believed that a likelihood of confusion would result from its use of FIREFLY or had no basis for believing otherwise. Additionally, Plaintiff's statement in their registration application that they first used FIREFLY on October 1, 2014 is belied by the admission of Plaintiff's CEO that Plaintiff only began marketing and developing its FIREFLY system on October 6, 2014. Neither developing the product nor marketing it constitute trademark use; only offering the product for sale constitutes use. Plaintiff has made statements in its trademark application with the knowledge and belief that

the statements were false, and with the intent to induce USPTO to grant registration to which Plaintiff was not entitled.

These contentions represent a summary of Defendants' position at this time. Defendants reserve all rights to assert additional contentions and defenses as the case proceeds.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

The parties believe at this time that the following witnesses and experts may either testify or be deposed, if necessary, in this matter, and that the following documents may be introduced as exhibits.

**Plaintiff's Witnesses, Expert Witnesses and Documents:**

Plaintiff may call the following witnesses to testify:

1. Boaz Raz,
   CEO of Plaintiff
   c/o Augustine M. Rodriguez, Esq.
   P.O. Box 27178
   Albuquerque, New Mexico 87125

Mr. Raz may be able to provide information regarding the facts supporting the claims set forth in the Complaint.

2. Jennifer Russell
   V.P. of Sales of Plaintiff
   c/o Augustine M. Rodriguez, Esq.
   P.O. Box 27178
   Albuquerque, New Mexico 87125

Jennifer Russell may be able to provide information regarding the facts supporting Plaintiff's claims set forth in the Complaint.

3. Geoffrey Carter, Hyperion Technology Group, Inc. 545 Commerce Street, Tupelo Mississippi 38804.

4. David Anderson, Invariant Corporation, 4800 Whitesburg Drive #30-353, Huntsville, Alabama 35802.

Plaintiff has not yet determined whether or what experts may testify on its behalf at trial.

Plaintiff believe at this time that the following exhibits may be used at trial:

1. Sales and advertising materials.

2. FIREFLY®, under U.S. Trademark Registration No. 5,328,570.

Plaintiff reserves the right to modify or supplement its exhibit lists as additional information becomes available in discovery.

**Defendants' Witnesses, Expert Witnesses and Documents:**

Defendants may call the following witnesses to testify:

1. Geoffrey Carter, Hyperion Technology Group, Inc. 545 Commerce Street, Tupelo Mississippi 38804. It is anticipated that Mr. Carter will testify regarding the factual assertions made in his declaration filed in this case, and regarding other allegations in the Amended Counterclaim.

2. David Anderson, Invariant Corporation, 4800 Whitesburg Drive #30-353, Huntsville, Alabama 35802. It is anticipated that Mr. Anderson will testify regarding the factual assertions made in his declaration filed in in this case, and regarding other allegations in the Amended Counterclaim.

3. Boaz Raz, contact information unknown. It is anticipated that Mr. Raz will testify regarding the factual assertions made in his declaration filed in this case, and regarding other allegations in the Complaint.

4. Jennifer Russell, contact information unknown. It is anticipated that Ms. Russell will testify regarding the factual assertions made in her declaration filed in this case, and regarding other allegations in the Complaint.

Defendants have not yet determined whether or what experts may testify on its behalf at trial.

Defendants believe at this time that the following exhibits may be used at trial:

1. Brochure for FIREFLY Threat Detection System.

2. Price proposal for prototypes of the FIREFLY system to L-3 Services on behalf of the U.S. Army, February 21, 2012.

3. Revised price proposal to L-3 Services, February 21, 2012.

4. L-3 Services purchase order for FIREFLY systems, March 13, 2012.

5. Hyperion invoice sent to L-3 Services, March 13, 2012.

6. Hyperion invoice sent to L-3 Services, April 13, 2012.

7. Shipping cases for the warfare equipment used in combat bearing the FIREFLY trademark.

8. User/operator manual shipped with the FIREFLY prototypes

9. Captain Seth Nasan memorandum to the U.S. Army regarding the FireFLY system.

10. Summaries of attendance at the August 2012 SMD symposium, and AUSA Exposition 2017, 2018, and 2019.

11. Additional sales and marketing records.

Discovery will be needed on the following subjects:

Maximum of __25__ interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of __25__ requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of __10__ depositions by Plaintiff(s) and __10__ by Defendant(s).

Each deposition (other than of <u>Parties</u>) limited to maximum of __4__ hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by __July 16, 2021__

    from Defendant(s) by __September 16, 2021__

Supplementation under Rule 26(e) due __30 days before close of discovery__ *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by <u>October 16, 2021</u>.

## **PRETRIAL MOTIONS**

Plaintiff intends to file:  Preliminary Injunction, Motion for Summary Judgment and other motions as needed.

Defendant intends to file:  Summary judgment and other motions as needed.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require __4__ days.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in __January 2022__.

## **SETTLEMENT**

The possibility of settlement in this case is considered cannot be evaluated prior to <u>October 2021</u>, and may be enhanced by use of the following alternative dispute resolution procedure:  settlement conference.  The parties request a settlement conference in <u>November 2021</u>.

**EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS

By: /s/ *Benjamin Allison*
Benjamin Allison
Breanna Contreras
BARDACKE ALLISON LLP
P.O. Box 1808
141 E. Palace Avenue
Santa Fe, NM  87504-1808
505-995-8000
ben@bardackeallison.com
breanna@bardackeallison.com

*Counsel for Defendants Invariant Corp. and Hyperion Technology Group, Inc.*


By: /s/ *Augustine M. Rodriguez*
Augustine M. Rodriguez
LAW OFFICE OF AUGUSTINE M. RODRIGUEZ, L.L.C.
P.O. Box 27178
Albuquerque, NM 87125
505-332-3173
rodriguezlaw@yahoo.com

*Counsel for Plaintiff Security USA Services, LLC*