IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

v.                                                        No. 1:20-cv-1100 KWR/KRS

INVARIANT CORPORATION, et al.,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (DOC. 58) AND MOTION TO STRIKE RESPONSE (DOC. 66)

THIS MATTER is before the Court on Defendants' Motion to Compel and for Sanctions, filed October 12, 2021. (Doc. 58). Plaintiff filed a response to the Motion to Compel on October 28, 2021, and Defendants filed a reply on November 11, 2021. (Docs. 63 and 68). Also before the Court is Defendants' Motion to Strike Plaintiff's late response to the Motion to Compel, filed November 4, 2021. (Doc. 66). Plaintiff filed a response to the Motion to Strike on November 18, 2021. (Doc. 73).[1] Having reviewed the parties' briefing on the motions, the record of the case, and relevant law, the Court will grant the Motion to Compel and Motion to Strike, as set forth below.

This is a trademark infringement case and each side claims they first used in commerce the trademark FIREFLY for gunshot detection systems. Defendants ask the Court to compel Plaintiff to fully answer Defendants' second set of interrogatories and to impose sanctions against Plaintiff for repeated failures to comply with Court-mandated deadlines. Specifically, Defendants seek responses to: (1) Interrogatory No. 19, which asks Plaintiff to state the dates it

---

[1] Defendants' reply to their Motion to Strike is not yet due, but the Court finds that a reply is not necessary as the Court will grant the Motion to Strike.

first sold any product or service bearing the FIREFLY trademark in New Mexico and outside of New Mexico; and (2) Interrogatory No. 20, which asks Plaintiff to state the dates it first offered for sale any product or service bearing the FIREFLY trademark in New Mexico and outside of New Mexico. (Doc. 58) at 2.

Plaintiff's responses to these interrogatories were due September 10, 2021, but Plaintiff did not respond until September 21, 2021, after being reminded twice by Defendants. *Id.* Plaintiff objected to the interrogatories on the basis that the requests are unduly burdensome and seek confidential and irrelevant information. (Doc. 58-1). Subject to these objections, in response to Interrogatory No. 19, Plaintiff stated that the "first alleged use" of the trademark under the trademark registration was October 1, 2014, and that during beta testing, a purchase order was sent on December 11, 2015 for a fabrication quote, and the first complete system was installed in New Mexico in 2016. (Doc. 58-1) at 2. Plaintiff further stated that, after beta testing was completed, Plaintiff signed a licensing agreement on February 3, 2017, the first sale and installation in New Mexico was on May 1, 2017, and the first sale and installation outside of New Mexico was on November 3, 2017. *Id.* at 2-3. In response to Interrogatory No. 20, Plaintiff refers Defendants to its response to Interrogatory No. 19. *Id.* at 3.

1. **Motion to Strike Plaintiff's Response to Motion to Compel**

Defendants move the Court to strike Plaintiff's response to the Motion to Compel because it was filed two days late and this is Plaintiff's sixth late filing in this case. (Doc. 66) at 2-3. Defendants filed their Motion to Compel on October 12, 2021, and Plaintiff filed its response sixteen days later, on October 28, 2021. In its response to the Motion to Compel, Plaintiff states it was served with the Motion to Compel on October 14, 2021, and that "three (3) days are allowed to accommodate mailing," so Plaintiff's response was not due until November 1, 2021. (Doc. 63) at 1. The Court's local rules provide that "[e]xcept for documents filed by

2

pro se parties, or as otherwise ordered by the Court, electronic filing is mandatory." D.N.M.LR-Civ. 5.1(a).  Plaintiff is not a pro se party and the Court has not ordered any other means of filing in this case.  The Court's local rules further provide that, "[u]nless otherwise specified by rule or ordered by the Court, an electronic document is considered filed on the date of the electronic transfer," and "[t]he time and date of filing are reflected in the Court's Notice of Electronic Filing."  D.N.M.LR-Civ. 5.1(c).  Moreover, "[e]lectronic filing constitutes service for purposes of Fed. R. Civ. P. 5, except as to parties excused from electronic filing by Federal rules, these rules, or Court order," and "[e]lectronic service is complete on transmission."  D.N.M.LR-Civ. 5.1(c).  The Court's docket reflects that Defendants' Motion to Compel was filed on October 12, 2021, and that Plaintiff's counsel received via email a Notice of Electronic Filing of the motion.  Therefore, Plaintiff was served with the Motion to Compel on October 12, 2021.

Local Rule 7.4(a) provides that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion."  Rule 6(d) of the Federal Rules of Civil Procedure additionally provides, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(A)."  This does not include service under Rule 5(b)(2)(E) (sending it to a registered user by filing it with the court's electronic-filing system).  Because Plaintiff was served with the Motion to Compel on October 12, 2021 via the Court's electronic-filing system, three days are not added under Fed. R. Civ. P. 6.  Accordingly, Plaintiff's response was due by October 26, 2021—fourteen calendar days after the Motion to Compel was filed.

Not only was Plaintiff's response to the Motion to Compel filed two days late, but this was also Plaintiff's sixth late filing in this case.  *See* (Doc. 41) at 1-2 (noting that Plaintiff filed reply briefs in support of its motion for preliminary injunction, motion to dismiss, and motion to

3

strike affirmative defenses after the due dates, and Plaintiff filed two motions after the deadlines for filing them). In ruling on Plaintiff's dispositive motions, the presiding judge warned Plaintiff of possible sanctions for continuing to fail to adhere to applicable deadlines. (Doc. 48) at 13 (Memorandum Opinion and Order, stating "Plaintiff is warned that it should adhere to the applicable deadlines, or the Court may sanction Plaintiff in the future, including but not limited to denying Plaintiff relief, granting relief against Plaintiff, or entering judgment in Defendants' favor.").

Plaintiff fails to provide an adequate explanation for its tardiness. In response to Defendants' Motion to Strike, Plaintiff continues to argue that it was not served with the Motion to Compel on October 12, 2021, and states that Defendants failed to notify Plaintiff they were going to file a Notice of Completion of Briefing on October 27, 2021, the day after Plaintiff's response was due. (Doc. 73) at 1. As explained above, Plaintiff was served on October 12, 2021, and Defendants were not required to notify Plaintiff of their intention to file a Notice of Completion of Briefing. Plaintiff also contends that Defendants did not meet and confer about the Motion to Compel prior to filing it. *Id.* at 1-2. However, the record reflects that Defendants notified Plaintiff of the deficiencies in its answers to the interrogatories and their intention to file a motion to compel. *See* (Doc. 73-2) at 1 (e-mail dated September 21, 2021 from Defendants' counsel to Plaintiff's counsel giving Plaintiff a deadline to amend its answers prior to filing a motion to compel).

It is within the Court's discretion to excuse a late filing. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). Plaintiff's repeated failures to comply with deadlines cause Defendants to incur additional litigation expenses due to prolonged motion practice. *See* (Doc. 68) at 7. Because Plaintiff has been warned about its repeated failures to comply with briefing deadlines and has failed to show good cause for missing the

4

deadline to file its response to the Motion to Compel, the Court will strike Plaintiff's response to the Motion to Compel. The Court will address the issue of additional sanctions below.

**2. Adequacy of Responses**

Interrogatory Nos. 19 and 20 ask Plaintiff to "state the date it first sold any product or service bearing the FIREFLY trademark in New Mexico and outside of New Mexico," and "state the date it first offered for sale any product or service bearing the FIREFLY trademark in New Mexico and outside of New Mexico." (Doc. 58-1). Plaintiff objected on the basis that the requests are unduly burdensome and seek confidential and irrelevant information. *Id.* Plaintiff fails to explain why the requests are unduly burdensome, other than stating that "there is an inability to comply with the supplementation requested because any other supplementation by Plaintiff Security USA regarding any prior use of the FIREFLY trademark … prior to October 2014 would only be anecdotal evidence that can only be given in testimony under oath." (Doc. 63) at 3. While the Court granted Defendants' Motion to Strike Plaintiff's response to the Motion to Compel and could disregard this explanation on that basis alone, the Court nevertheless directs Plaintiff to Rule 33(b)(3) of the Federal Rules of Civil Procedure, which requires parties to answer each interrogatory "fully in writing under oath." Therefore, Plaintiff must provide full answers to each interrogatory, to the extent they are not objected to, and Plaintiff's answers must be provided under oath. Therefore, the Court overrules Plaintiff's objection that the requests are unduly burdensome. The Court also overrules Plaintiff's objection regarding confidentiality. Plaintiff provides no support for this objection, and the requests only ask for dates of sale, not for any trade secrets or otherwise confidential information.

In addition, the Court finds the requests are relevant. As Defendants explain, the "first use" of a trademark means when the trademark was "used in commerce" within the meaning of federal statutes governing federal registration of trademarks. (Doc. 58) at 4-5 (citing Trademark

Manual of Examining Procedure (TMEP) § 901.01 (8th ed. July 2021) and 15 U.S.C. § 1127). Therefore, the dates that the trademark was placed on goods, containers, displays, tags, or labels, and the dates "the goods are sold or transported in commerce," is key to determining trademark priority. *Id.*; *see also* TMEP § 903 ("When asserting use of a mark in commerce in a trademark or service mark application, an applicant must specify the date of first use anywhere and the date of first use in commerce."); *Hetronic Int'l, Inc. v. Hetronic Ger. GmbH*, 2019 WL 3003679 (W.D. Okla.); *Collectible Promotional Products, Inc. v. Disney Enterprises, Inc.*, 2009 WL 1543449 (W.D. Okla.). For these reasons, the Court overrules Plaintiff's objection that Interrogatories 19 and 20 seek irrelevant information.

In response to Interrogatory No. 19, Plaintiff stated that the "first alleged use" of the trademark under the trademark registration was October 1, 2014, and that during beta testing, a purchase order was sent on December 11, 2015 for a fabrication quote, and the first complete system was installed in New Mexico in 2016. (Doc. 58-1) at 2. Plaintiff further stated that after beta testing was completed, Plaintiff signed a licensing agreement on February 3, 2017, the first sale and installation in New Mexico was on May 1, 2017, and the first sale and installation outside of New Mexico was on November 3, 2017. *Id.* In response to Interrogatory No. 20, Plaintiff refers Defendants to its response to Interrogatory No. 19. *Id.* at 3.

Defendants argue these responses are inadequate because they leave unclear what dates Plaintiff actually began marketing and selling products bearing the FIREFLY trademark. (Doc. 58) at 7. Specifically, Defendants argue that Plaintiff's answer only provides information regarding the beta testing and the first use and installation of the trademark. The Court agrees. While Plaintiff states in response to Interrogatory No. 19 that the first date of sale in New Mexico was May 1, 2017, and the first date of sale outside of New Mexico was November 3, 2017, Plaintiff fails to fully answer the interrogatory because it fails to specify that the products

6

sold on those dates bore the FIREFLY trademark. *See* (Doc. 58-1) at 2-3 (asking the dates Plaintiff "first sold *any product or service bearing the FIREFLY trademark*") (emphasis added). Regarding Interrogatory No. 20, which asks for the dates Plaintiff first offered for sale any product or service bearing the FIREFLY trademark in New Mexico and outside of New Mexico, Plaintiff merely referred Defendants to its answer to Interrogatory No. 19. This is inadequate since Plaintiff's response to Interrogatory No. 19 was not fully responsive and only provided the dates of Plaintiff's first *sales* of the product, not the dates it first *offered* the products for sale. Therefore, the Court grants Defendants' Motion to Compel and Plaintiff must supplement its responses to Interrogatories 19 and 20 to fully respond to the questions, and Plaintiff must verify that each interrogatory has been answered under oath by the proper responding party as required by Rule 33.

    **3. Sanctions**

Defendants ask the Court to impose sanctions against Plaintiff for failing to timely respond to the interrogatories, failing to provide responsive answers to the interrogatories or to sign the interrogatories, and failing to meet the deadline to respond to the motion to compel. (Doc. 58) at 8. Rule 37(a)(5) provides that, if a motion to compel is granted, the court must require the party or its attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Plaintiff had an opportunity to respond to Defendants' request for sanctions since Defendants raised the issue in its Motion to Compel. Moreover, the Court finds that none of the exceptions to Rule 37(a)(5) apply as Defendants attempted to confer with Plaintiff and obtain the disclosures without court action, Plaintiff's nondisclosure is not substantially justified, and no other circumstances make an award of expenses unjust. Therefore, the Court will order Plaintiff to pay Defendants' reasonable attorney's fees and expenses incurred in bringing the Motion to Compel and Motion to Strike.

7

The Court declines to consider Defendants' request for sanctions on the merits because that request was raised in a reply brief and Plaintiff has not had a chance to respond. *See* (Doc. 68) at 7. However, the Court cautions Plaintiff to comply with the Federal Rules of Civil Procedure and the Court's Local Rules in responding to discovery requests and motions.

    IT IS THEREFORE ORDERED that Defendants' Motion to Compel and for Sanctions, (Doc. 58), and Motion to Strike, (Doc. 66), are GRANTED. Plaintiff shall provide supplemental responses to Interrogatory Nos. 19 and 20, as set forth above, **no later than December 3, 2021**.

    IT IS FURTHER ORDERED that Defendants are awarded attorney's fees and expenses incurred in connection with preparing and litigating the Motion to Compel and Motion to Strike. Defendants shall file an itemization of fees for the Court's consideration **no later than December 3, 2021**.

    IT IS SO ORDERED.

                                                      _____
                                                      KEVIN R. SWEAZEA
                                                      UNITED STATES MAGISTRATE JUDGE