IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

    Plaintiff,

-vs-                                                    No.   1:20-CV-01100-KRW-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

    Defendants.

## RESPONSE IN OPPOSITION TO DEFENDANTS INVARIANT AND HYPERION'S MOTION FOR SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S CLAIMS

COMES NOW, Plaintiff, Security USA Services, LLC, by and through its attorneys of record, Law Office of Augustine M. Rodriguez, L.L.C., (Augustine M. Rodriguez, Esq.), and files this Response in Opposition to Defendants Invariant and Hyperion's Motion for Summary Judgment to Dismiss Plaintiff's Claims, stating as follows:

## I.   INTRODUCTION

The Defendants Hyperion Technology Group, Inc., and Invariant Corp., ("Defendants") filed a motion for summary judgment on October 26, 2021, and it was received on October 27, 2021. The parties were also having discovery issues and have both filed motions to compel, Plaintiff filed its Motion to Compel (Doc. 64) on October 29, 2021, and Defendants filed their motion to Compel on October 12, 2021 (Doc. 58) and an Order was issued on Defendants' motion on November 24, 2021. In addition, Plaintiff Security USA Services requested and was granted an extension to file their response to the Defendants' Motion for Summary Judgment until December 1, 2021. Despite Plaintiff Security USA Services' outstanding Motion to Compel discovery and its Motion to Stay the briefing of this Motion for Summary Judgment, will file this

Response in Opposition to Defendant's Motion for Summary Judgment. And just for the record, herewith again reiterates that the motion to compel and the motion to stay should be granted as the full and fair presentment of these issues at trial require that the discovery be completed.

The discovery responses are imperative for the full and proper briefing of the Plaintiff's response in opposition to the Defendants motion for summary judgment and for the trial of the matter. The Defendants have failed to answer discovery that is imperative towards the timeline as to when Defendants began using the "firefly" name because the initial research into a gunshot detection system began with the United States military putting a call for the development of such devices after it tested a French gunshot detection system named "Pilar" in the early years of the war in Afghanistan. The development history is important because both Plaintiff and Defendants developed gunshot detection systems based on the research the United States Government was conducting. Plaintiff Security USA Services worked to license from the Battelle Memorial Institute, which manages the Pacific Northwest National Laboratory (PNNL), the "firefly" gunshot detection system developed between 2008 and 2010 while working in conjunction with the U.S. Army's Armament Research, Development and Engineering Center (ARDEC) at Picatinny, New Jersey. *Exhibit 20*. Plaintiff Security USA Services alleges upon information and belief, that Defendants Hyperion and Invariant did not begin working with the Army Research Laboratory until after the United States military issued Solicitation Number W91CRB10T0027 for the joint development between the military and private corporations of a gunfire detection system on January 20, 2010. *Exhibit 11*.

Since approximately 2003, the United States military was researching and developing gunshot detection systems based on the French "Pilar" gunshot detection system, which was

loaned for use to the U.S. military and was used to develop early prototypes in 2004. ***Exhibit 5***. Through 2010, the U.S. military developed gunshot detection systems throughout its complex, including the "Boomerang" gunshot detection system being developed at the U.S. Army Research Laboratory, the "Doubleshot" shot detection system and the "Vanguard" gunshot detection weapons station. ***Exhibits 8***. Between 2008 and 2010, Battelle at the Pacific Northwest National Laboratory (PNNL), a Department of Energy research site was developing the "firefly" gunshot detection system and consulted with the U.S. Army's Armament Research, Development and Engineering Center (ARDEC) at Picatinny, New Jersey. ***Exhibit 20***. As evident in United States Congressional records, the United States military was not utilizing the "firefly" name for any of its gunshot detection systems. ***See Exhibits 7 to 12***. Plaintiff Security USA Services, LLC., licensed the technology developed by the Pacific Northwest National Laboratory ("PNNL") and tradename "firefly" that was being utilized by Battelle at PNNL since in 2008. ***See Exhibits 20, 21, 22 and 23***.

## II. SUMMARY JUDGMENT STANDARD

It is not necessary that the asserted issue of material fact be resolved conclusively in favor of the party asserting its existence; rather, only that sufficient evidence supporting the claimed factual dispute be shown to require a jury to resolve the parties' differing versions of the truth at trial. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). If a reasonable jury could return a verdict for the non-moving party, summary judgment must not be entered. ***Id***.

In applying this standard, the court must view the evidence in the light most favorable to the non-moving party. ***Boren v. Southwestern Bell Tel. Co.***, 933 F.2d 891, 892 (10th Cir. 1991); ***Exnicious v. U.S.***, 563 F.2d 418, 423 (10th Cir. 1977). The non-movant's evidence is to be

3

believed, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. All doubts should be resolved in favor of the presence of triable issues of fact. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985), cert. den., 474 U.S. 823 (1985).

### III.   PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff asserts that the following facts (Plaintiff's Statement of Material Facts "PSOMF") are material to the consideration of the Plaintiff's Motion to Stay Briefing of the Motion for Summary Judgment until the Plaintiff's Motion to Compel is heard and such facts require that it be granted:

**PSOMF 1.**   In 2003, the United States military was allowed the use of the PILAR gunshot detection system developed by a French company, and a similar system was developed by Army Research Lab in Adelphi, Maryland, named "Boomerang" and developed in 2004 with different iterations through 2008.  *Exhibits 1, 2 and 3*.

**PSOMF 2.**   In 2004, the United States military at the U.S. Army Research Laboratory (ARL) recognized civilian engineer Scott Miller for researching and developing a gunshot detection system for the United States military.  *Exhibit 4*.

**PSOMF 3.**   In 2004, the United States military at the U.S. Army's Armament Research, Development and Engineering Center (ARDEC), Picatinny, New Jersey also began researching gunshot detection systems.  *Exhibits 5*.

**PSOMF 4.**   In 2006, a review of the United States military's gunshot detection systems research was completed and included the research being conducted by the U.S. Army's Armament Research, Development and Engineering Center (ARDEC), in Picatinny, New Jersey.  *Exhibit 6*.

4

**PSOMF 5.**  In 2007, the United States Congress wanted to develop gunshot detection systems and allowed the legislative language to "broaden DHS' research and development priorities to include gunshot detection and qualifier systems."  *Exhibits 7, at p. 2*.

**PSOMF 6.**  In 2008, the United States Congress began funding the research and development of gunshot detection systems and took testimony on the $400 million procurement that included the "Boomerang" gunshot detection system being developed at the U.S. Army Research Laboratory, the "Doubleshot" shot detection system and the "Vanguard" gunshot detection weapons station.  *Exhibits 8*.

**PSOMF 7.**  In 2009, the United States Congress continued funding the research and development of gunshot detection systems and took testimony on the continuing procurement for the gunshot detection systems being developed at the U.S. military installations.  *Exhibits 9*.

**PSOMF 8.**  In 2010, the United States Congress continued funding the research and development of gunshot detection systems and took testimony on the continuing procurement for the gunshot detection systems being developed at U.S. military installations and allowed the appropriations for joint military and private corporations in the development of gunshot detection systems.  *Exhibits 10*.

**PSOMF 9.**  In 2010, the United States military issued Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems between the United States Military and private corporations.  *Exhibit 11*.

**PSOMF 10.**  In 2011, the United States Congress took testimony from the U.S. military on the status of the issued Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems between the United States Military and private

corporations. *Exhibit 12*.

**PSOMF 11.** In 2013, the United States military due to the issued Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems begins using the name "Firefly []as a joint effort by the Army Research Laboratory, the Aviation and Missile Research, Development and Engineering Center, and private sector partners." *Exhibit 14*. The joint collaboration between the U.S. Army Research Laboratory (ARL), the U.S. Army Aviation and Missile Research Development and Engineering Command (AMRDEC), Defendant Hyperion and Defendant Invariant was facilitated by the United States Military Solicitation Number W91CRB10T0027. *Exhibit 24*.

**PSOMF 12.** In 2015, the United States military issued an article regarding the joint research and development of a gunshot detection systems stating that Invariant Corp., "teamed with Hyperion Technology Group to develop the technology in collaboration with the Army Research Lab and the Aviation and Missile Research, Development and Engineering Center, known as AMRDEC." *Exhibit 15*.

**PSOMF 13.** In 2016, the United States military allowed the deployment in Colorado of the "Firefly [] a government-owned technology developed by the Army's Research Laboratory and the Army Aviation and Missile Research, Development and Engineering Center… 'Firefly acoustic/EO sensor was designed for shooter detection and geo-location to support small installations, independent of installation power,' said Timothy Edwards, AMRDEC Chief Scientist-Force Protection Technologies..." *Exhibit 16 and 18*.

**PSOMF 14.** In Plaintiff Security USA Services, Requests for Admissions, Plaintiff directly asks Defendants to describe the involvement of Dr. Timothy Edwards, AMRDEC Chief

Scientists with the development of the gunshot detection system developed by the Army Research Laboratory and the Army Aviation and Missile Research, Development and Engineering Center (AMRDEC). *Exhibit 17*. The information is relevant because PNNL corroborated with the Army's Redstone Arsenal in Madison County, Alabama and introduced them to the "firefly" gunshot detection system they were developing, which is also the location of the U.S. Army Aviation and Missile Research, Development and Engineering Center (AMRDEC), where Dr. Timothy Edwards is employed. *Exhibit 20*.

**PSOMF 15.** The United States military continues to develop government-owned technology developed by different entities including the Army Research Laboratory and the Army Aviation and Missile Research, Development and Engineering Center (AMRDEC). *Exhibits 13 and 19*.

**PSOMF 16.** Plaintiff Security USA Services worked to license from the Pacific Northwest National Laboratory's "firefly" gunshot detection system they developed between 2008 and 2010 while working with the U.S. Army's Armament Research, Development and Engineering Center (ARDEC and/or Picatinny Arsenal) at Picatinny, New Jersey. *Exhibit 20*.

**PSOMF 17.** Plaintiff Security USA Services' license from Battelle of the Pacific Northwest National Laboratory included the use of the "firefly" name. *See Exhibits 21 and 22*.

**PSOMF 18.** Plaintiff Security USA Services' license from Battelle of the Pacific Northwest National Laboratory also included the use of the patent filed for the firefly sensor issued as United States Patent Number 10,089,845. *Exhibit 23*.

**PSOMF 19.** A review of Defendants Invariant and Hyperion's claims of having an identifiable tradename are thwarted by a simple review of a 2013 video issued by the United States

military of their gunshot detection system with no obvious identifying marks labelling it "firefly." *Exhibit 25*.

## IV.   PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Pursuant to Local Rule 56.1 (b), the Plaintiff disputes all or portions of paragraphs 1, 2, 3, 4, 5, and 6 of the Defendants' Statement of "Undisputed Material Facts," ("**DSUMF**") as set forth below:

**DSUMF 1.**   Plaintiff *disputes* Defendants' statement of Paragraph 1 and in direct contravention states in direct contravention that Plaintiff Security USA Services, LLC., licensed the technology and tradename "firefly" developed by the Pacific Northwest National Laboratory ("PNNL") in 2008.  *See Doc.'s 75-20, 75-21, 75-22 and 75-23*.

**DSUMF 2.**   Plaintiff *disputes* Defendants' statement of Paragraph 2 and in direct contravention states in direct contravention that Plaintiff Security USA Services, LLC., licensed the technology and tradename "firefly" developed by the Pacific Northwest National Laboratory ("PNNL") in 2008.  *See Doc.'s 75-20, 75-21, 75-22 and 75-23*.

**DSUMF 3.**   Plaintiff *disputes* Defendants' statement of Paragraph 3 and in direct contravention states in direct contravention that Plaintiff Security USA Services, LLC., licensed the technology and tradename "firefly" developed by the Pacific Northwest National Laboratory ("PNNL") in 2008.  *See Exhibits 20, 21, 22 and 23*.

**DSUMF 4.**   Plaintiff *disputes* Defendant's statement of Paragraph 4 and in direct contravention states that because Defendants refused to provide documentation, there is no way to verify the assertions.

**DSUMF 5.**     Plaintiff *disputes* Defendant's statement of Paragraph 5 and in direct contravention states that because Defendants refused to provide documentation, there is no way to verify the assertions.

**DSUMF 6.**     Plaintiff *disputes* Defendants' statement of Paragraph 6 and in direct contravention states in direct contravention that Plaintiff Security USA Services, LLC., licensed the technology and tradename "firefly" developed by the Pacific Northwest National Laboratory ("PNNL") in 2008.  *See Exhibits 20, 21, 22 and 23*.

## V.   ARGUMENT

A. **PLAINTIFF SECURITY USA SERVICES, LLC., LICENSED FROM BATTELLE OF PNNL THE ABILITY TO CLAIM THE INCEPTION OF THE FIREFLY MARK AS OF 2008**.

Plaintiff Security USA Services, LLC., licensed the technology and tradename developed by Battelle of the Pacific Northwest National Laboratory ("PNNL") and can therefore claim the inception of the "firefly" mark since 2008.  *See Exhibits 20, 21, 22 and 23*.   This gives Plaintiff Security USA Services, LLC., an exclusive use of the technology and tradename.  *Id*. Therefore, this is a case of a senior user and federal registrant of a service mark seeking to protect its exclusive right to use its mark throughout the United States from an infringing use of the same mark by a party whose first use occurred after the senior user's first use of the mark for the same services and products and after the senior user's first federal registration of the mark for closely related services and products.   Plaintiff Security USA Services, LLC., licensed the PNNL name and federally registered the trademark FIREFLY® which issued on November 7, 2017, under the Registration Number 5,328,570.  "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment

are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal citations omitted). Plaintiff Security USA has met its burden to demonstrate what facts to defeat summary judgment and has generated genuine issues of material fact that needs to be prepared for trial, which also militates for the granting of the Plaintiff's Motion to Compel. *Id.*

The Defendants' motion for summary judgment should be denied. Also, the Defendants should be compelled to answer Plaintiff's Written Discovery Requests from Defendant Invariant Corp., and Defendant Hyperion Technology Group, Inc. *Doc. 65*. It is imperative that the motion to compel be heard, because Defendants have claimed a need for a protective order before disclosing documents that could be material to a trial on the merits of this matter because there are genuine issues of material fact that cannot be resolved as a matter of law. As Plaintiff Security USA Services claims a right to use the 2008 date that the Pacific Northwest Laboratories began using the "firefly" name for its gunshot detection sensor because it licensed its technologies and name. *See Exhibits 20, 21, 22 and 23*.

The Defendants' motion for summary judgment should be denied in its entirety as there are still significant issues of material fact that are unresolved, especially when Defendants should be compelled to answer the discovery because PNNL also corroborated with the Army's Redstone Arsenal in Madison County, Alabama and introduced the military to the "firefly" name of their gunshot detection sensor between 2008 and 2010. *Id*. Therefore, the discovery information is relevant because the U.S. Army Aviation and Missile Research, Development and Engineering Center (AMRDEC) is also located at the Redstone Arsenal in Alabama and Dr. Timothy Edwards

was also probably introduced to Battelle's use of the "firefly" name between 2008 and 2010. *Id*. Specifically, the Plaintiff's Requests for Admissions seeks information as to what Dr. Timothy Edwards developed for Defendants, if anything, because he is employed at the U.S. Army Aviation and Missile Research, Development and Engineering Center (AMRDEC). *See Exhibit 14, 17 and 20*.

**B.  THE UNITED STATES MILITARY WAS DEVELOPING A GUNSHOT DETECTION SYSTEM BASED ON THE FRENCH PILAR SYSTEM.**

In 2003, the United States military was allowed the use of the PILAR gunshot detection system developed by a French company, and a similar system was developed by Army Research Lab in Adelphi, Maryland, named "Boomerang" and developed in 2004 with different iterations through 2008. *Exhibits 1, 2 and 3*. In 2004, the United States military at the U.S. Army Research Laboratory (ARL) recognized civilian engineer Scott Miller for researching and developing a gunshot detection system based on the PILAR gunshot detection system for the United States military. *Exhibit 4*. Most of the early development of United States military gunshot detection systems were termed "Boomerang," "Doubleshot" and "Vanguard."

In 2004, the United States military at the U.S. Army's Armament Research, Development and Engineering Center (ARDEC), Picatinny, New Jersey also began researching gunshot detection systems. *Exhibits 5*. The Pacific Northwest National Laboratory's "firefly" gunshot detection system was developed between 2008 and 2010 while working with the U.S. Army's Armament Research, Development and Engineering Center (ARDEC and/or Picatinny Arsenal) at Picatinny, New Jersey. *Exhibit 20*. Plaintiff Security USA Services' license from the Pacific Northwest National Laboratory also included the license of the "firefly" name and the license of the patent filed for the firefly sensor. *See Exhibits 21, 22 and 23*.

In 2006, a review of the United States military's gunshot detection systems research was completed and included the research being conducted by the U.S. Army's Armament Research, Development and Engineering Center (ARDEC), in Picatinny, New Jersey. *Exhibits 6*. In 2007, the United States Congress wanted to develop gunshot detection systems and allowed the legislative language to "broaden DHS' research and development priorities to include gunshot detection and qualifier systems." *Exhibits 7, at p. 2*. In 2008, the United States Congress began funding the research and development of military gunshot detection systems and took testimony on the $400 million procurement that included the "Boomerang" gunshot detection system being developed at the U.S. Army Research Laboratory, the "Doubleshot" shot detection system and the "Vanguard" gunshot detection weapons station. *Exhibits 8*. Obviously, missing was any reference to any military systems designated as "firefly." *Id*.

In 2009, the United States Congress continued funding the research and development of gunshot detection systems and took testimony on the continuing procurement for the gunshot detection systems being developed at the U.S. military. *Exhibits 9*. In 2010, the United States Congress continued funding the research and development of gunshot detection systems and took testimony on the continuing procurement for the gunshot detection systems being developed at the U.S. military and allowed the appropriations for joint military and private corporations in the development of gunshot detection systems. *Exhibits 10*. In 2010, the United States military issued Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems. *Exhibit 11*. In 2011, the United States Congress took testimony from the U.S. military on the status of the issued Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems. *Exhibit 12*.

A genuine issue of material fact is created because upon information and belief, Plaintiff Security USA Services, believes that Defendant Hyperion and Invariant did not begin working with the military until after Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems was issued in 2010 and entered into in 2011 when the Defendants met Dr. Timothy Edwards. ***See Doc. 61-3, with emphasis on its Exhibits 3, p. 2 and Exhibit 9, p. 27.*** In 2013 a video of the gunshot detection system that was tested by the U.S. military blaringly has not identifying marks that would identify the system as "firefly" such that it would indicate a distinctive manufacturer of the system. ***Exhibit 25***. In 2015, the United States military issued an article regarding the joint research and development of a gunshot detection systems stating that Invariant Corp., "teamed with Hyperion Technology Group to develop the technology in collaboration with the Army Research Lab and the Aviation and Missile Research, Development and Engineering Center, known as AMRDEC." ***Exhibit 15***.

In 2016, the United States military allowed the deployment in Colorado of the "Firefly [] a government-owned technology developed by the Army's Research Laboratory and the Army Aviation and Missile Research, Development and Engineering Center… 'Firefly acoustic/EO sensor was designed for shooter detection and geo-location to support small installations, independent of installation power,' said Timothy Edwards, AMRDEC Chief Scientist-Force Protection Technologies..." ***Exhibit 16 and 18***. In Plaintiff Security USA Services, Requests for Admissions, Plaintiff directly asks Defendants to describe the involvement of Dr. Timothy Edwards, AMRDEC Chief Scientists with the development of the gunshot detection system developed by the Army Research Laboratory and the Army Aviation and Missile Research, Development and Engineering Center (AMRDEC). ***Exhibit 17***. The information is relevant

13

because PNNL corroborated between 2008 and 2010 with the Army's Redstone Arsenal in Madison County, Alabama and introduced the "firefly" gunshot detection system they were developing to the U.S. military. ***Exhibit 20***. The Army's Redstone Arsenal is also the location of the U.S. Army Aviation and Missile Research, Development and Engineering Center (AMRDEC), where Dr. Timothy Edwards is employed and after 2011 corroborated with Defendants. Between 2008 and 2010 Battelle at the PNNL was the only entity that was using the "firefly" name, as the U.S. military developed gunshot detection systems throughout its complex, were using the "Boomerang" gunshot detection system being developed at the U.S. Army Research Laboratory, the "Doubleshot" shot detection system and the "Vanguard" gunshot detection weapons station. ***Exhibits 8.***

**C.     DEFENDANTS HYPERION AND INVARIANT WERE NOT CREATING A DISTINCTIVE USE OF "FIREFLY" IN COMMERCE.**

Defendants Hyperion and Invariant argue that they were the first to use "firefly" in commerce in 2011, well after the Plaintiff's claim back to 2008. Trademark law is fundamentally concerned with protecting whoever first uses a mark commercially and in this case it was Plaintiff Security USA Services. ***Secular Orgs. for Sobriety, Inc. v. Ullrich***, 213 F.3d 1125, 1130 (9th Cir. 2000) (citing McCarthy on Trademarks and Unfair Competition § 16.01 (4th ed. 1996)). "Federal registration of a trademark or service mark cannot create rights and priority over others who have previously used the mark in commerce" and therefore, Defendants are precluded from the use of "firefly." ***Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.***, 249 F.3d 564, 572 (6th Cir. 2001). "Actual use of a mark consists of 'attempt[s] to complete genuine commercial transactions,'" and promotional efforts may be sufficient to establish priority. ***Memorandum Opinion and Order, Doc. 48 at 5*** (quoting Underwood v. Bank of Am. Corp., 996

F.3d 1038, 1053–54 (10th Cir. 2021)). In this case, although Defendants claim that they were "commercially" using the name, there is not indication that they were creating a mark associated with their alleged products, as an example, even a cursory review of the military video that shows off the "firefly" system deployed in Afghanistan does not have any identifying marks that would have created a market awareness. ***See Exhibit 25***. Confusingly similar marks used by other parties after the fact constitutes trademark infringement, which is what Defendants are guilty of doing. ***15 U.S.C. § 1114(1) (2005)***. Two steps are necessary to gain trademark ownership: (1) use in commerce that is (2) continuous such that ownership is maintained. ***Watec Co. v. Liu***, 403 F.3d 645, 654 (9th Cir.2005) ("A person claiming senior rights in a trademark must establish not only that he or she used the mark before the mark was registered, but also that such use has continued to the present."). Here Plaintiff Security USA Services, LLC., licensed the use of the "firefly" name associated with the patented technology developed by Battelle at the Pacific Northwest National Laboratory (PNNL). ***See Exhibits 20, 21, 22 and 23***. The United States military through its Solicitation Number W91CRB10T0027 for the joint research and development of gunshot detection systems issued in 2010 and entered into in 2011 by Defendants was imperative of the militaries efforts since it had reversed engineered the gunshot detection systems deployed in Afghanistan after it tested a French gunshot detection system named "Pilar" in the early years of the war in Afghanistan. ***See Exhibits 1, 2, 3 and 4***. All of these questions of material fact create genuine issues that cannot be resolved as a matter of law and must be left to the trier of fact. Therefore, the Defendants motion for summary judgment must be denied.

## VI.   CONCLUSION

As discussed above, the Motion for Summary Judgment must be denied and the Motion to Compel discovery must be granted to compel Defendants to answer the Plaintiff's discovery and provide documentation of their claims.  In equity and fairness, the remaining briefing of the Defendants' Motion for Summary Judgment should be stayed pending the resolution of the Plaintiff Security USA Services, LLC.'s Motion to Compel discovery in order to prepare the matter for trial, as there are genuine issues of material fact.   In the alternative, summary judgment should be granted in favor of Plaintiff Security USA Services, LLC., as Plaintiff has establish a first use of "firefly" in 2008.   WHEREFORE, PREMISES CONSIDERED, Plaintiff Security USA Services, LLC, respectfully requests that this Honorable Court deny Defendants Motion for Summary Judgment and set the matter for trial.

>Respectfully submitted,
>**LAW OFFICE OF**
>**AUGUSTINE M. RODRIGUEZ, L.L.C.,**
>
>*/s/ Augustine M. Rodriguez*
>**AUGUSTINE M. RODRIGUEZ, ESQ.**
>*Attorneys for Plaintiff*
>P.O. Box 27178
>Albuquerque, NM 87125
>(505) 332-3173

THIS IS TO CERTIFY that on December 1, 2021, a copy of the foregoing pleading was filed electronically through the Pacer System, which caused the following to be served by electronic means:

Benjamin Allison
<ben@bardackeallison.com>

Breanna Contreras
<breanna@bardackeallison.com>

*/s/Augustine M. Rodriguez*
AUGUSTINE M. RODRIGUEZ, ESQ.