IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

v.                                                                  No. 1:20-cv-1100 KWR/KRS

INVARIANT CORPORATION, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 64)

THIS MATTER is before the Court on Plaintiff's Motion to Compel and Memorandum in Support, filed October 29, 2021. (Docs. 64 and 65). Defendants filed a response to the Motion to Compel on November 12, 2021, and Plaintiff filed a reply on December 1, 2021. (Docs. 70 and 76). Having reviewed the parties' briefing, the record of the case, and relevant law, the Court will deny the Motion to Compel as set forth below.

This is a trademark infringement case and each side claims they first used in commerce the trademark "FIREFLY" for gunshot detection systems. Plaintiff asks the Court to compel Defendants to provide complete responses to its First Set of Interrogatories, Requests for Production, and Requests for Admission, which were served on Defendants on September 3, 2021. (Doc. 65) at 2; (Docs. 65-1, 65-2, 65-3, 65-4, 65-5, 65-6). Plaintiff argues that Defendants waived their objections to these discovery requests and that Defendants improperly withheld information on the basis of trade secret confidentiality. (Doc. 65) at 4-8.

In response, Defendants assert that Plaintiff failed to meaningfully confer with Defendants prior to filing the Motion to Compel because Plaintiff failed to identify which responses were inadequate and gave Defendants less than one day to supplement their responses. (Doc. 70) at 5-7. Defendants dispute that they have waived their objections, and they argue that Plaintiff's Motion to Compel should be denied. *Id*. at 7-9. Defendants state they have provided

all relevant, non-confidential discovery, and they have twice attempted to negotiate a mutually agreeable protective order so both parties can produce confidential information and documents. *Id.* at 9-12; (Docs. 70-1, 70-4). In its reply, Plaintiff maintains its arguments that the discovery responses are inadequate, and asks the Court to order complete responses and to enter a protective order. (Doc. 76).

### A. Defendants Did Not Waive Objections

Plaintiff served its discovery requests on Defendants on September 3, 2021. (Doc. 65) at 2. Defendants requested an extension until October 18, 2021 to respond to the discovery requests, and Plaintiff agreed to the extension. *Id.*; (Doc. 70-3). Plaintiff argues that when Defendants responded to the discovery requests on October 18, 2021, they waived all objections to the requests because they did not "request[] that any perspective [sic] objections be preserved and not waived due to the extension." (Doc. 65) at 2. The case Plaintiff relies on, *Caudle v. D.C.*, 263 F.R.D. 29 (D.D.C. 2009), does not support Plaintiff's argument. Instead, the court in *Caudle* addressed whether a party waived its objections after responding to discovery requests more than a month after the extension the parties had agreed to, and held that "untimely objections to discovery requests are waived." 263 F.R.D. at 33. Defendants' objections, however, were not untimely as Defendants sought and obtained an extension of the deadline to respond to Plaintiff's discovery requests, and provided their responses by the agreed-upon deadline. While Plaintiff asserts that Defendants were required to "preserve" their objections when requesting an extension, Plaintiff provides no support for this argument. The Court finds that Defendants did not waive their objections.

### B. Adequacy of Responses and Protective Order

Plaintiff contends that Defendants' discovery responses are incomplete and that Defendants have improperly withheld confidential information. The Court's Local Rules require

that a motion must "state with particularity the grounds and the relief sought." D.N.M. LR-Civ. 7.1(a). Local Rule 37.1 makes clear that a motion to compel discovery responses must comply with Local Rule 7. Plaintiff does not specify in its Motion to Compel which responses are inadequate except for Interrogatory Nos. 12 and 8, and Request for Production Nos. 1, 2, and 6. To the extent Plaintiff challenges Defendants' responses or objections to any other discovery request, it has not done so with enough specificity for the Court to consider. Additionally, Plaintiff's challenges to additional discovery responses that it raises in its reply brief are waived because the Court does not consider arguments raised in a reply brief.

Interrogatory No. 12 asks for documentation or any other proof that Defendants were marketing a gunshot detection system prior to October 2014, and to list all witnesses Defendants will rely on for those acts. (Doc. 65) at 6. Defendants objected on the grounds that the interrogatory seeks production of documents instead of a written answer, which exceeds the requirements of Rule 33. Defendants then listed two witnesses they expect to call to support this issue. The Court agrees that, to the extent this interrogatory seeks production of documents, it exceeds the parameters of Rule 33. The Court finds that Defendants properly answered the portion of the interrogatory that asked for information instead of documentation.

Interrogatory No. 8 seeks a list of all documentation relating to the development, promotion, marketing, and sale of the gunshot detection system promoted by Defendants, including the names and addresses of the persons who prepared the documentation. *Id.* at 6-7. Defendants objected on the grounds that the interrogatory seeks irrelevant information, is unduly burdensome, is overly broad, calls for the disclosure of confidential information, is compound, and is disproportionate to the needs of the case. (Doc. 65-7) at 6-8. Defendants explain these documents would include research and development documents that are irrelevant to the trademark dispute as well as documents containing trade secrets. *Id.* at 6-7. Despite these

objections, Defendants agreed to produce business records in accordance with Rule 33(d) that do not contain confidential information or trade secrets, and stated that "[c]ertain other materials may only be produced subject to an appropriate protective order." *Id.* at 7.

Plaintiff contends this response is inadequate because the documents it seeks are relevant. (Doc. 65) at 7. Plaintiff argues that "[c]omplete copies of all Defendants' manuals, training materials and guidelines, marketing materials, sales to the military, joint program statements, policies, protocols, and/or procedures concerning or relating to the Defendants working with the military to offer proof of concept from 2011 should be discoverable." (Doc. 65) at 7. Defendants explain that they produced all documents relevant to this interrogatory "that do not contain confidential information or trade secrets and which reflect Defendants' continuous marketing of the FIREFLY product from 2011 through present," including more than 100 pages of answers and 160 documents. (Doc. 65-7) at 8; (Doc. 70) at 8. Defendants maintain the request for "all" documents is overly broad because it is not limited in time or to documents related to the gunshot detection system. The Court agrees that the request is overly broad to the extent it seeks "all" of these documents and is not limited to the relevant timeframe and the gunshot detection system at issue.

Plaintiff also contends that Defendants' response to Interrogatory No. 8 is inadequate because Defendants did not provide a privilege log of withheld documents. (Doc. 65) at 7. Rule 26 requires that when a party withholds information that is otherwise discoverable by claiming it is privileged, the party must "describe the nature of the documents … not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Defendants explain they withheld protected trade secret information and information about research and development of the gunshot detection system that is confidential due to Plaintiff being its competitor. (Doc. 65-

4

7) at 8; (Doc. 70) at 3, 10.  Plaintiff fails to explain how additional information in a privilege log is necessary to help determine whether these withheld documents are protected.  Therefore, the Court agrees with Defendants that a privilege log is not required with regard to this interrogatory.  The Court further finds that Defendants' objections are appropriate and that Defendants adequately responded to the interrogatory.

Finally, Plaintiff argues that Defendants improperly failed to respond to Requests for Admission ("RFA") Nos. 1, 2, and 6.  RFA No. 1 asks Defendants to admit that the allegations in a Military News Article are reported correctly; RFA No. 2 asks Defendants to admit that they did not license the gunshot detection system described in the article until after January 2015; and RFA No. 6 asks Defendants to admit that they did not license the gunshot detection system described in the article until after January 2014 for civilian applications.  (Doc. 65-9) at 2-9.  The RFAs also ask Defendants to provide facts, witnesses, and exhibits to support any answer that is not an unqualified admission.  Defendants objected to these RFAs because they seek admission of numerous facts, and because they are impermissibly vague because the article discusses two different gunshot detection systems.  Defendants also state that the RFAs exceed the scope of an RFA by improperly seeking additional information that should be requested in an interrogatory.  Subject to those objections, in response to RFA No. 1, Defendants admitted that the FIREFLY system was used in Afghanistan between 2011 and 2013 and that its technology was used in the development of another system called Serenity.  *Id.* at 2-3.  In response to RFA No. 2, Defendants state that they were first contracted by the United States Army in 2011 to test the FIREFLY gunshot detection system and sold their first FIREFLY system in early 2012.  *Id.* at 4.  Defendants denied RFA No. 6 because they were first contracted by the United States Army in 2011 and sold their first FIREFLY system in early 2012.

Plaintiff does not state what portions of Defendants' responses to these RFAs are inadequate. Instead, Plaintiff merely states that the documents sought are not cumulative or duplicative and should be produced. (Doc. 65) at 7-8. A request for admission may not be used to seek information or documents other than a written admission or denial of the truth of any matter relating to the facts at issue or the genuineness of described documents. Fed. R. Civ. P. 36(a). The Court finds that Defendants' objections to these RFAs are justified because RFA No. 1 seeks admission of numerous facts and RFA Nos. 2 and 6 do not specify which detection system Plaintiff is asking about. The Court also finds that Defendants sufficiently answered these RFAs and provided ample information explaining why the RFAs could not be unequivocally admitted or denied.

Based on the foregoing, the Court finds that Defendants have adequately responded to Interrogatory Nos. 12 and 8 and RFA Nos. 1, 2, and 6. Accordingly, the Court will deny Plaintiff's Motion to Compel. The Court also notes that Defendants have attempted to negotiate a protective order with Plaintiff so that the parties can disclose additional information and documents. The Court encourages the parties to submit a mutually agreeable protective order, along with a motion, to the Court so that they can exchange any additional relevant information that is being withheld on the basis of confidentiality.

### C. Sanctions

Defendants ask the Court to impose sanctions against Plaintiff in the form of attorney fees and costs associated with defending against Plaintiff's Motion to Compel. (Doc. 70) at 14-15. Rule 37(a)(5)(B) provides that, if a motion to compel is denied, the court must require the party or its attorney, or both, to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Plaintiff had an opportunity to respond to Defendants' request for sanctions since Defendants raised the issue in its response to

the Motion to Compel. Moreover, the Court finds that none of the exceptions to Rule 37(a)(5)(B) apply as the Motion to Compel was not substantially justified and no other circumstances make an award of expenses unjust. Therefore, the Court will order Plaintiff to pay Defendants' reasonable attorney's fees and expenses incurred in opposing the Motion to Compel.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 64), is DENIED.

IT IS FURTHER ORDERED that Defendants are awarded attorney's fees and expenses incurred in connection with opposing the Motion to Compel. Defendants shall file an itemization of fees for the Court's consideration **no later than December 27, 2021**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE