## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

v.                                            No. 1:20-cv-1100 KWR/KRS

INVARIANT CORPORATION, et al.,

      Defendants.

### <u>ORDER AWARDING ATTORNEY'S FEES</u>

      THIS MATTER is before the Court on Defendants' declarations itemizing fees, (Docs. 79 and 88). Defendants filed the declarations pursuant to the Court's orders granting Defendants' Motion to Compel, denying Plaintiff's Motion to Compel, and awarding Defendants attorney's fees and expenses incurred in connection with the motions to compel. (Docs. 74 and 84). Plaintiff filed a response in opposition to Defendants' First Declaration, and Defendants replied. (Docs. 83 and 89). Plaintiff did not respond to Defendants' Second Declaration. Having reviewed the declarations, the parties' briefing, the record of the case, and relevant law, the Court will award Defendants attorney's fees and expenses as set forth below.

      On November 24, 2021, the Court granted Defendants' Motion to Compel, (Doc. 58), and Motion to Strike, (Doc. 66). (Doc. 74). On December 15, 2021, the Court denied Plaintiff's Motion to Compel, (Doc. 64). (Doc. 84). In both of these Orders, the Court awarded Defendants attorney's fees and expenses pursuant to Fed. R. Civ. P. 37 and ordered Defendants to file an itemization of fees for the Court's consideration. Defendants' First Declaration itemizes fees and expenses incurred in relation to their Motion to Compel and Motion to Strike in the amount of

$7,857.66.  (Doc. 79).  Defendants' Second Declaration itemizes fees and expenses incurred in responding to Plaintiff's Motion to Compel in the amount of $4,230.69.  (Doc. 88).  Defendants attach invoices to support both declarations.  Plaintiff opposes Defendants' First Declaration because it claims that Defendants did not ask for Plaintiff's position on Defendants' Motion to Compel before filing it, and because the amount requested is excessive.  (Doc. 83) at 1-6.

If the Court grants a motion to compel, Rule 37(a)(5)(A) requires the party whose conduct necessitated the motion, after an opportunity to be heard, to pay the movant's reasonable expenses incurred in making the motion.  Similarly, under Rule 37(a)(5)(B), if a motion to compel is denied, the movant must pay the party who opposed the motion its reasonable expenses incurred in opposing the motion.  "To determine a reasonable attorney fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).  The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances;" and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Robinson v. City of Edmund*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In Defendants' First Declaration, they seek an award of $7,857.66 and attach invoices showing this amount was calculated by multiplying the hourly rates of Defendants' counsel and paralegal by the number of hours worked, plus New Mexico gross receipts tax.  (Docs. 79 and 79-1).  Defendants explain that, where multiple activities were included in one time entry, "the lawyer responsible for that entry used reasonable judgment in apportioning the time to that spent only on the Motions, as reflected in red text."  (Doc. 79) at 2.  Plaintiff first objects to this award

2

because it contends that Defendants failed to properly consult prior to filing the Motion to Compel, in violation of the Court's Local Rule 7.1(a).  (Doc. 83) at 1-3.  The Court has already rejected this argument in its Order Granting Defendants' Motion to Compel and found that Defendants adequately complied with Local Rule 7.1(a) by notifying Plaintiff of the deficiencies in its answers to the interrogatories and of their intention to file a motion to compel.  *See* (Doc. 74) at 4 (citing Doc. 73-2 at 1, e-mail dated September 21, 2021, from Defendants' counsel to Plaintiff's counsel giving Plaintiff a deadline to amend its interrogatory answers prior to Defendants filing a motion to compel).  Additionally, the Court found that none of the exceptions to Rule 37(a)(5) apply as Defendants attempted to confer with Plaintiff and obtain the disclosures without court action, Plaintiff's nondisclosure was not substantially justified, and no other circumstances make an award of expenses unjust.  (Doc. 74) at 7.

Plaintiff also objects to the amount requested by Defendants in its First Declaration because the amount "is excessive and should not be awarded."  (Doc. 83) at 3.  Plaintiff does not specify which time entries or hourly rates it challenges, and merely inserts Defendants' invoices in its response.  *Id.* at 3-6.  The Court has reviewed Defendants' First Declaration and considered the applicable law and finds that Defendants' fee petition is appropriate and should be granted. Specifically, the Court finds both the time spent and the hourly rates to be reasonable, especially considering that Defendants' Motion to Compel, (Doc. 66), and Motion to Strike, (Doc. 66), dealt with Plaintiff's multiple objections to the interrogatories and that Plaintiff's response to the Motion to Compel was its sixth late filing in this case.  In addition, the Court has reviewed Defendants' unopposed Second Declaration and finds that this petition is also appropriate and should be granted.

IT IS THEREFORE ORDERED that Defendants are awarded attorney fees and expenses in the amount of $7,857.66 as set forth in their First Declaration, (Doc. 79), and $4,230.69 as set forth in their Second Declaration, (Doc. 88).  These amounts are to be paid by Plaintiff to Defendants **no later than March 15, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE