IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

   v.                                                   No. 1:20-cv-01100-KWR-KRS
INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Set Aside Judgment of January 18, 2022 **(Doc. 99).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is **NOT WELL TAKEN** and therefore is **DENIED**.

This case is a trademark dispute over threat or gunshot detection systems. Both sides market and sell gunshot detection systems under the "FIREFLY" mark. Plaintiff registered the mark in 2017, but Defendants assert they continuously used the FIREFLY mark in commerce first, as early as 2011. Plaintiff asserted various claims alleging that Defendants infringed on their mark.

In a prior opinion the Court granted Defendants' motion for summary judgment on Plaintiff's trademark infringement claims. In sum, the Court found that (1) Plaintiff failed to establish prior use as to the FIREFLY mark, foreclosing its infringement claims, and (2) Plaintiff failed to move under Rule 56(d) to delay summary judgment pending discovery.

Plaintiff argues that the Court erred in ruling on summary judgment while discovery was pending. Plaintiff also asserts that (1) the Court clearly erred on whether Plaintiff demonstrated a genuine dispute of prior use of the trademark and (2) new evidence compels setting aside summary judgment. Plaintiff essentially seeks to relitigate the motion for summary judgment, repeating

arguments it already made or could have made. For the following reasons, the Court rejects Plaintiff's motion.

First, the Court noted in its prior opinion that Plaintiff failed to make a Rule 56(d) argument and affidavit in its response to the motion for summary judgment or in its motion to stay briefing. Plaintiff fails to argue in this motion why that decision was wrong.

Second, Plaintiff's new exhibits attached to its motion do not change the Court's analysis in the summary judgment opinion. Moreover, Plaintiff does not state in its motion to set aside **(Doc. 99)** that it would need additional discovery aside from what it submitted with its motion. To the extent Plaintiff needs additional evidence, it does not explain in the motion to set aside **(Doc. 99)** with particularity what additional evidence it would present.

Third, Plaintiff does not show that the court erred, must less clearly erred, on the merits, based on the record properly before the Court.

## BACKGROUND

I. **General Background.**

Plaintiff's first three claims arise under the federal trademark statute, the Lanham Act, 15 U.S.C. § 1114(1) (federal trademark infringement); 15 U.S.C. § 1125(a) (federal unfair competition); and 15 U.S.C. § 1125(c) (dilution under federal law). Plaintiff also asserts claims under New Mexico law, including common law unfair competition and trademark dilution under New Mexico law (NMSA § 57-3B-15). **Doc. 1-1.**

Defendants filed affirmative defenses and counterclaims, asserting that they are the true owners of the mark based on prior and continuous use going back to 2011.

Plaintiff requested that the Court issue a preliminary injunction prohibiting Defendants from using the FIREFLY mark. The Court denied the preliminary injunction motion.

Defendants moved for summary judgment on Plaintiff's claims. The Court grant Defendants' summary judgment motion and dismissed Plaintiff's claims. **Doc. 94.**

## II. Undisputed facts as to summary judgment motion.[1]

In mid-2011, Defendants began jointly developing their gunshot detection system named FIREFLY. The U.S. Army commissioned and paid for a commercial demonstration of FIREFLY in August 2011, in Yuma, Arizona. **Doc. 61 at 3, Undisputed Material Fact ("UMF") 1.** FIREFLY was completed soon after and was put on sale at an international trade show in San Francisco in December 2011. The first four FIREFLY systems were sold in March 2012. *Id.*, **UMF 2.** Since its first sale, FIREFLY has been marketed and sold nationwide. *Id.* **at UMF 3.** Defendants' average sales of FIREFLY products are approximately 19 units per year between the years 2012 -2021. *Id.* **at UMF 4.** For each system sold, the FIREFLY trademark was placed on the system's packaging, handbook, and internal circuitry. The name is also prominently displayed on marketing material, including Defendant Invariant's website. *Id.* **at UMF 5.**

Plaintiff first began using the FIREFLY mark in connection with its gunshot detection system on October 1, 2014. *Id.* **at UMF 6.** Plaintiff registered the mark on November 7, 2017. *Id.* **at UMF 7.**

## III. Plaintiff's statement of material facts in its Motion to Set Aside (Doc. 99).

Plaintiff asserted material facts in support of its motion to set aside. *See* **doc. 99 at 4-5.** The Court addresses them as follows. In its first material fact, Plaintiff asserts that a third party,

---

[1] These facts are taken from the Court's opinion on summary judgment. *See* **Doc. 94.** Initially, the Court notes that Defendants' summary judgment statement of facts 1-7 are properly supported in the record and not genuinely disputed. Although Plaintiff nominally disputes Defendants' facts, the Court finds that Plaintiff's disputes are not responsive or relevant to Defendants' asserted facts, and therefore Plaintiff does not create genuine disputes as to Defendants' facts 1-7.
  Plaintiff asserts its own separate facts, which the Court generally found to be irrelevant or unsupported. *See* **doc. 94.** Even if its additional facts were relevant, the Court finds that Plaintiff's exhibits 1-6, 11, 13, 14, 15, 16, 17[1], 18, and 19[1] (**doc.** 77) attached to its summary judgment response should be excluded because they rely upon inadmissible hearsay.

Battelle, began using the Firefly mark in 2008.  The documents supporting this asserted fact were already provided in the prior summary judgment briefing.  *See* **Doc. 99-1, 2, 3, 6.**  None of these exhibits support a finding that Battelle began using the FIREFLY mark in 2008.  *See* **Doc. 99-1, 2, 3, 6.**  Therefore, the Court finds that this asserted fact is unsupported in the record.  Exhibits 1 and 2 do not include any date or affidavit showing when they were produced, and do not show that Battelle used the Firefly mark in commerce such as to establish priority.  **Doc. 99-1, 2.**  Rather, they are merely internal documents.  Exhibit 3 includes a contingent non-exclusive licensing agreement of copyrightable material "if intellectual property is conceived or first reduced to practice by BATTELLE under this technology assistance." **Doc. 99-3.**  Here, there is no evidence that the FIREFLY mark was conceived or first reduced to practice under the technology assistance agreement.  FIREFLY is not mentioned in the agreement.  Moreover, the agreement was signed on March 16, 2014, well after Defendants' first use of the mark in commerce.  Exhibit 6 is an undated cover page for an "application for letters patent."  It does not reference the FIREFLY mark.  The cover page lists the "assignee" as Battelle.  Exhibit 6 provides no evidence that Battelle assigned the FIREFLY mark to Plaintiff, or that Battelle established prior use of the mark in commerce.  In sum, none of the exhibits cited by Plaintiff supports its assertion that Battelle began using FIREFLY in commerce as early as 2008.

In its second asserted fact, Plaintiff states that it can establish a priority date of October 19, 2009, because a screenshot of a computer folder system references that it was modified on that date as part of the many iterations of the code developed by Battelle, licensed and then assigned to Plaintiff.  **Doc. 99 at 4-5, Fact 2.**  Plaintiff cites to exhibit four, which is a screenshot of a file folder, and exhibit 5, which is computer code.  The computer code in exhibit 5 does not mention "Firefly", and its meaning is unintelligible without an accompanying affidavit. No affidavit was

submitted with the motion. *See* **Doc. 99.** Moreover, screenshots of computer file folders and computer code are not evidence of prior use in commerce. Plaintiff does not support its assertion that Battelle assigned the FIREFLY mark to it by reference to any exhibit.

In the third asserted fact, Plaintiff asserts that Battelle assigned the FIREFLY mark to Plaintiff. Although Plaintiff cites to four exhibits, those exhibits do not support this assertion.

The remaining facts asserted by Plaintiff, facts 4-7, are unsupported in the record or irrelevant.

### IV.     The Court ignores new evidence submitted in Plaintiff's reply brief (Doc. 106).

Initially, the Court must address the fact that Plaintiff has attached new exhibits to its reply brief, including an affidavit created after Defendants' response was filed. For example, Plaintiff submitted a non-exclusive license agreement between Battelle and Plaintiff for the first time. **Doc. 106-9.** Plaintiff also submitted an affidavit by Boaz Raz, which appears to have been created for the first time shortly before the reply was filed. *See* **Doc. 106-12.** The Court declines to consider the new evidence presented in Plaintiff's reply to the motion to set aside judgment (**doc. 106**).

Because Plaintiff's motion seeks to set aside the Court's summary judgment opinion, Plaintiff was well aware of what it needed to present in the motion. It is unclear why Plaintiff waited until the reply brief to present this new evidence, when it could have attached it to the motion to set aside. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("in accordance with *Beaird,* we conclude the court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief."); *Beaird v. Seagate Tech. Inc.,* 145 F.3d 1159, 1164 (10th Cir. 1998), *cert. denied,* 525 U.S. 1054 (1998).

Plaintiff was also aware that the Court would ignore new exhibits presented in a reply brief. In a previous opinion, the Court declined to consider new arguments or evidence raised in a reply

brief. *See* **Doc. 94 at 9.** Plaintiff appears to use the reply brief as a second chance to include new arguments or evidence it could have but did not include in the motion. This is not the purpose of a reply brief.

## DISCUSSION

### I. Court will apply framework used by both parties.

Because the parties appear to agree that Rule 59(e) applies here, the Court will assume, without deciding, that it applies. Therefore, the Court will apply the following Rule 59(e) standard.

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."). "Clear error is '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Etherton v. Owners Ins. Co.*, No. 10-cv-00892-PAB-KLM, 2013 WL 5443068, at *1 (D. Colo. Sept. 30, 2013), *aff'd*, 829 F.3d 1209 (10th Cir. 2016) (quoting *United States v. Farr*, 701 F.3d 1274, 1286 (10th Cir. 2012)). "An error is 'manifest' if it is 'plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.' " *Id.* (quoting Black's Law Dictionary 582 (8th ed. 2004)).

However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, "Rule 59

'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.' " *Etherton*, 2013 WL 5443068, at *2 (quoting *Moro*, 91 F.3d at 876); *see also Servants of Paraclete*, 204 F.3d at 1012 (Filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Ultimately, "[t]he decision to grant or deny a Rule 59 motion is committed to the Court's discretion." *Id.* (citing *Phelps*, 122 F.3d at 1324).

Alternatively, the Court need not decide whether Rule 59(e) applies because the Court has discretion to apply the Rule 59(e) standard to interlocutory orders. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d at 1225. A motion to reconsider an interlocutory order "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06–cv–00037–PAB–CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010). Moreover, the Court has discretion to "reconsider" an interlocutory order under Fed. R. Civ. P. 54(b). *Id.* ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court generally exercises its discretion and finds the Rule 59(e) framework useful when considering a motion to reconsider an interlocutory order. Motions for reconsideration are

> "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion ... Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."

7

*Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (citations omitted).

## II.     Plaintiff failed to make proper Rule 56(d) motion.

Plaintiff asserts that the Court erred in denying its motion to stay briefing and ruling on the summary judgment motion.  However, as the Court explained in its prior opinion, Plaintiff failed to make a Rule 56(d) argument in its motion to stay briefing on summary.  *See* **Doc. 67 (motion to stay briefing); Doc. 94 (opinion noting that Plaintiff failed to argue Rule 56(d) in its motion).**  Plaintiff fails to argue why that decision was wrong or make a Rule 56(d) argument in its motion to set aside.

The Court's prior ruling noted that Plaintiff failed to comply with Rule 56(d), which is the proper vehicle for "staying" a summary judgment motion. *See* **Doc. 94.**  Plaintiff did not identify what documents it needed under Rule 56(d), or file an affidavit as required by that rule.  "In this circuit, a party seeking to defer a ruling on summary judgment under Rule 56[d] must provide an affidavit explain[ing] why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted).  "This includes identifying (1) "the probable facts not available," (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable [the party] to" obtain those facts and rebut the motion for summary judgment." *Id.*  In its motion to stay briefing on the motion for summary judgment, Plaintiff did not (1) identify Rule 56(d), (2) file an affidavit as required by Rule 56(d), or (3) show the probable facts which are not available.  Plaintiff does not address this ruling or explain why it was in error.  The motion for summary judgment was fully briefed for approximately two months, and there was no Rule 56(d) motion or affidavit pending to appropriately delay summary judgment.   The Court waited for motion to compel to be decided

before ruling on the motion for summary judgment a month later. Therefore, the Court did not err in ruling on the motion for summary judgment.

### III. Even if the Court were required to consider Plaintiff's new evidence attached to the motion to set aside, the Court would not reconsider its decision.

Even if the Court were required to consider Plaintiff's new exhibits, they do not establish any error in the Court's decision. Plaintiff asserts that the parties were in the process of negotiating a privilege log when the Court entered its summary judgment opinion.

As far as the Court can tell from the record, the only two exhibits Plaintiff would have produced for the summary judgment motion were exhibits 4 and 5.[2] These exhibits do not change the Court's analysis. **Doc. 99, Ex. 4 and 5.** One is a screenshot of computer file folders, and another is a page of printed computer code. Plaintiff argues that these two exhibits show Plaintiff's use of FIREFLY as early as 2009. The Court notes that Plaintiff does not attach an affidavit to its motion to set aside judgment to explain what these exhibits mean. Exhibits 4 and 5 bear little meaning by themselves, and do not show that that Plaintiff used the mark in public in connection with offering goods or services for sale. *See Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053–54 (10th Cir. 2021) (Actual use of a mark consists of "attempt[s] to complete genuine commercial transactions." However, "[n]o genuine transaction is required to acquire a protectable interest in the mark." "[P]romotional efforts for the goods or services at issue such as advertising brochures, catalogs, newspaper ads, and articles in newspapers and trade publications" may be sufficient to establish a protectable interest."). These internal files do not show that Plaintiff used the mark in connection with offering its gunshot detection product for sale. Plaintiff's exhibit seven is a trademark registration. However, this exhibit contradicts Plaintiff's argument that it

---

[2] As explained above, the Court does not consider new exhibits attached for the first time to Plaintiff's reply to the motion to set aside. *See, e.g.,* **Doc. 106-9, 106-12.**

first used the mark in commerce in 2009. Rather, Plaintiff represented to the United States Patent and Trademark Office that it first used the mark in commerce on October 1, 2014. *See* **Doc. 99-7 at 1.**

Therefore, Plaintiff's two new exhibits attached to its motion to set aside do not change the Court's analysis.

### IV.    **Plaintiff does not establish error, much less clear error, in the Court's decision.**

Alternatively, Plaintiff's arguments which relitigate the summary judgment motion do not establish any error, much less clear error.

At issue in this case is whether Plaintiff established priority as to the FIREFLY mark based on prior use in commerce. As the Court previously explained, trademark rights are "determined by the date of the mark's first use in commerce," and "[t]he party who first uses a mark in commerce is said to have priority over other users." *Hana Fin. v. Hana Bank*, 574 U.S. 418, 419 (2015).

> It is a bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market. To that end, registration itself establishes only a rebuttable presumption of use as of the filing date. A trademark application is always subject to previously established common law trademark rights of another party.

*S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and quotations omitted).  Moreover, under 15 U.S.C. § 1115(b)(5), a party may rebut the presumption of use given to the holder of a federally recognized mark by proving that the mark "was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to ... the registration of the mark." 15 U.S.C. § 1115(b)(5).

Actual use of a mark consists of "attempt[s] to complete genuine commercial transactions." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053–54 (10th Cir. 2021).  However, "[n]o

genuine transaction is required to acquire a protectable interest in the mark." *Id.*  "[P]romotional efforts for the goods or services at issue such as advertising brochures, catalogs, newspaper ads, and articles in newspapers and trade publications" may be sufficient to establish a protectable interest.  *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1054 (10th Cir. 2021).

In its response to the motion for summary judgment, Plaintiff asserted that it obtained a license for the FIREFLY mark from a third party, Battelle, and that it could establish priority based on Battelle's prior use.  Because Plaintiff only showed it obtained at most a non-exclusive license from Battelle, the Court reasoned as follows:

> Plaintiff asserts that it licensed the FIREFLY mark from Battelle and can establish priority through Battelle's alleged prior use of the FIREFLY mark in 2008.  The Court finds that Plaintiff has not established in the summary judgment record, through admissible evidence that Battelle continuously used the FIREFLY mark in commerce since 2008 or is the owner of the FIREFLY mark.  Therefore, Plaintiff has not created a genuine dispute of material fact on this basis.
>
> Moreover, the record reflects that Plaintiff may have licensed certain technology from Battelle but the record does not reflect that Plaintiff licensed the trademark "FIREFLY" from Battelle.  Plaintiff provided an agreement between it and Battelle as proof of a trademark license. That agreement was titled "Agreement for DOE-Funded Technology Assistance" and provided that the following technology assistance would be provided: "provide technical advice regarding the feasibility of integrating technical features suggested by Security USA into the licensed gunshot detector system to facilitate the implementation of technology." **Doc. 77-22 at 1.**  As Defendants argue, the agreement between Plaintiff and Battelle appears to include a patent license, and expressly provides that Plaintiff "will not use the name or marks of Battelle, PNNL or the U.S. Government…" **Doc. 77-22 at 1.**  The agreement does not mention license of the FIREFLY trademark.  Therefore, Plaintiff has not provided anything in the record to suggest that it licenses the FIREFLY mark from Battelle.
>
> Even if Plaintiff had established that Battelle was the owner of the FIREFLY mark and Plaintiff properly licensed the mark from Battelle, Plaintiff is a mere nonexclusive licensee and Plaintiff has not shown that as a nonexclusive licensee it can bring a trademark infringement claim.  Plaintiff does not cite to any law for that proposition.
>
> Generally, to enforce another party's prior use rights, a subsequent party, such as Plaintiff must have acquired title to the trademark through a valid

> assignment. *See* McCarthy on Trademarks 18:15 ("all courts follow the rule that… after a valid assignment, the assignee acquires all of the legal advantages of the mark that the assignor enjoyed, including priority of use." ).
>
> Here, Plaintiff merely asserts that it acquired a license and therefore admits it has no ownership rights in the mark. McCarthy on Trademarks 18:52 ("A licensee's use inures to the benefit of the licensor-owner of the mark and the licensee acquires no ownership rights in the mark itself."); Doc. 77-22 (providing that Plaintiff receives a nonexclusive license). As a nonexclusive licensee, Plaintiff may not rely on the licensor's prior use to establish priority. *Moreno v. Pro Boxing Supplies, Inc.*, 124 U.S.P.Q.2d 1028 (T.T.A.B. 2017) (holding that a licensee could not rely on her licensor's prior trademark use to establish priority).
>
> Notably, Plaintiff's theory that it was a licensee of Battelle's FIREFLY trademark conflicts with its trademark registration application, in which it swore that no one else had a right to use the trademark. **Doc. 86 at 9 n.3,** *citing* Doc. 8 at 19 (claiming ownership of FIREFLY and federal registration); TMEP § 803.01 ("An application to register a mark must be filed by the owner of the mark."). Plaintiff cannot assert that is both a licensee and owner of the FIREFLY mark, and nothing in the record suggests that Plaintiff acquired an exclusive license or ownership of the FIREFLY mark from Battelle. *See* **doc. 77-22 at ¶2, 10** (providing that plaintiff is granted a nonexclusive license as to intellectual property).

**Doc. 94 at 7-9.** The Court sees no reason to deviate from this reasoning and adopts them herein.

Plaintiff asserts Battelle "exclusively" assigned the FIREFLY mark to Plaintiff. **Doc. 99 at 5.** But Plaintiff cites to no evidence of this in its response to the motion for summary judgment or in its motion to set aside judgment. This argument is contrary to Plaintiff's own exhibits, which *at most* show that Plaintiff merely obtained a non-exclusive license. **Doc. 99-3** (stating that Plaintiff obtains non-exclusive license, but does not specify the FIREFLY mark).

Plaintiff argues that a licensee can rely on its owner's prior use to establish priority over a mark. The Court disagrees. As a nonexclusive licensee, Plaintiff may not rely on the licensor's prior use to establish priority. *Moreno v. Pro Boxing Supplies, Inc.*, 124 U.S.P.Q.2d 1028 (T.T.A.B. 2017) (holding that a licensee could not rely on her licensor's prior trademark use to establish priority).

Even if Plaintiff could rely on Battelle's prior use, Plaintiff does not demonstrate that Battelle used the mark in commerce prior to Defendants using the mark in commerce. Plaintiff does not establish that Battelle had priority over the mark.

Plaintiff argues that it obtained the FIREFLY mark through an assignment from Battelle. Plaintiff provides no evidence in its motion to set aside of this alleged assignment and this argument directly contradicts the exhibits Plaintiff submitted. Plaintiff's exhibit 3, for example, expressly grants Plaintiff a non-exclusive license *if* Battelle obtained a "copyright." **Doc. 99-3 at 2.** Again, even if Battelle had assigned the mark to Plaintiff, Plaintiff presents no evidence that Battelle owned the mark by establishing that Battelle had prior use of the mark in commerce.

Plaintiff argues for the first time that Battelle and Plaintiff are related companies under the Lanham Act because Plaintiff has a licensing agreement with Battelle. *See* **Doc. 99 at 11.** To the extent this was raised for the first time in its motion to set aside, the Court declines to consider the argument. Alternatively, the Court rejects this argument for the same reasons as above.

Plaintiff also argues for the first time in its reply to the motion to set aside that the Defendants only used the FIREFLY mark in a limited geographic area. The Court declines to consider this argument because it was untimely raised. To the extent the Court were required to consider it, the Court finds that Defendants presented evidence that it used the FIREFLY mark in commerce nationwide.

## CONCLUSION

Plaintiff has failed to show that the Court erred, much less clearly erred, in granting Defendants' summary judgment motion. Moreover, the two new exhibits Plaintiff introduces in its motion (**Doc. 99**) do not change the Court's analysis. Therefore, for the reasons stated herein and

in the Court's Memorandum Opinion and Order **(Doc. 94)**, the Court **DENIES** Plaintiff's Motion to set aside the summary judgment order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for to Set Aside the Memorandum Opinion and Order of January 18, 2022 **(Doc. 99)** is **DENIED.**

**IT IS SO ORDERED.**

                                         **KEA W. RIGGS**
                                         **UNITED STATES DISTRICT JUDGE**