IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff,

v.                                                             No. 1:20-cv-1100 KWR/KRS

INVARIANT CORPORATION, et al.,

      Defendants.

## ORDER GRANTING IN PART MOTION TO ENFORCE ORDER AWARDING FEES AND DENYING MOTION TO SET ASIDE

THIS MATTER is before the Court on Defendants' Motion to Enforce Order and for Contempt, (Doc. 109), filed March 23, 2022, and on Plaintiff's Motion to Set Aside the Order Awarding Attorney's Fees, (Doc. 110), filed March 27, 2022. Both motions have been fully briefed by the parties and are ready for ruling by the Court. (Docs. 111, 113, 114, and 115). Having considered the motions, record of the case, and relevant law, the Court GRANTS in part Defendants' Motion to Enforce Order and for Contempt, and DENIES Plaintiff's Motion to Set Aside the Order Awarding Attorney's Fees.

    **I.**    **Background**

This case involves claims relating to gunshot detection systems using the "FIREFLY" trademark. On November 24, 2021, the Court granted Defendants' Motion to Compel and Motion to Strike, and on December 15, 2021, the Court denied Plaintiff's Motion to Compel. (Docs. 74 and 84). In both of these Orders, the Court awarded Defendants attorney's fees and expenses pursuant to Fed. R. Civ. P. 37 and ordered Defendants to file an itemization of fees for the Court's consideration. Defendants filed declarations itemizing fees and expenses incurred in

relation to their Motion to Compel and Motion to Strike in the amount of $7,857.66, (Doc. 79 "First Declaration"), and in responding to Plaintiff's Motion to Compel in the amount of $4,230.69, (Doc. 88 "Second Declaration"). Plaintiff filed a response in opposition to Defendants' First Declaration but did not oppose the Second Declaration. (Doc. 83).

On February 25, 2022, the Court entered an Order awarding Defendants attorney's fees and expenses. (Doc. 105). Using the "lodestar" analysis, the Court found that the time spent and hourly rates were reasonable, and the Court rejected Plaintiff's objections to the Frist Declaration. *Id.* at 3 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) ("To determine a reasonable attorney fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate."); and *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (explaining the lodestar analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances;" and second, whether the hourly rate charged "is the prevailing market rate in the relevant community")). The Court ordered Plaintiff to pay Defendants the amounts set forth in their declarations by March 15, 2022. *Id.* at 4.

In their Motion to Enforce, Defendants state that Plaintiff has not paid the ordered fees. (Doc. 109). Defendants assert that Plaintiff has been on notice that it would be required to pay attorney's fees since the Court granted Defendants' Motion to Compel and Motion to Strike in November 2021 and that Plaintiff has repeatedly missed deadlines and been warned of sanctions in this case. *Id.* at 2. Defendants ask the Court to enforce its Order Awarding Fees and hold Plaintiff in contempt of court. *Id.* In response, Plaintiff denies that it has been on notice that it would pay attorney's fees since November 2021, because those amounts were not set until February 2022. (Doc. 111). Plaintiff asks the Court to consider Plaintiff's Motion to Set Aside

the Order Awarding Attorney's Fees, (Doc. 110), before ruling on Defendants' Motion to Enforce, and states that "Plaintiff is still entitled to the thirty days allowed for an appeal or a motion to set aside." *Id.* at 1.  Plaintiff further states that "representatives of Plaintiff were not available as they were not in town until March 25, 2022 and could not be reached for a position on the matter." *Id.* at 1-2.  In reply, Defendants contend that Plaintiff's arguments do not relieve it of its obligation to comply with the Court's Order Awarding Attorney's Fees.  (Doc. 114).

In its Motion to Set Aside, Plaintiff argues that the Court should not have awarded Defendants attorney's fees relating to Defendants' Motion to Compel and Motion to Strike because Plaintiff's answers to Defendants' second set of interrogatories were only one day late and were fully responsive.  (Doc. 110) at 1-2, 4-5, 6-8.  Plaintiff also argues that the Court erred in denying Plaintiff's Motion to Compel because Defendants failed to provide discovery that was relevant to Plaintiff's claim of prior use of the disputed trademark.  *Id.* at 1-2, 4-5, 9-10. Defendants respond that Plaintiff's Motion to Set Aside relies on inapplicable law and attempts to relitigate issues that have already been decided.  (Doc. 113).  In reply, Plaintiff restates its arguments that its Motion to Compel was "imperative" to its priority of use claim and that it fully responded to Defendants' Motion to Compel.  (Doc. 115).

## II. **Jurisdiction**

On May 5, 2022, Plaintiff filed a Notice of Appeal with the Tenth Circuit Court of Appeals of the presiding judge's Memorandum Opinion and Order which granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's claims.  (Doc. 118).  While the filing of a notice of appeal "generally divests the district court of jurisdiction over the issues on appeal … the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations and

3

quotation omitted). "Attorney's fees awards are collateral matters over which the district court retains jurisdiction." *Id.* As the Tenth Circuit Court of Appeals explains:

> While the cases typically discuss attorney's fees awards in the context of statutory grants of attorney's fees to the prevailing party …, we see no basis to distinguish those cases from one like the present case in which fee awards are granted as sanctions. In either context, the award is collateral to the merits of the underlying action. Accordingly, we conclude the district court had jurisdiction to grant the Rule 37 motion.

*Id.* Similarly, the current motions relate to the Court's Order Awarding Attorney's Fees pursuant to Rule 37. Accordingly, the Court finds that it has jurisdiction to consider these collateral matters despite Plaintiff's filing of a Notice of Appeal.

### III.  Discussion

#### A. Motion to Set Aside Order Awarding Attorney's Fees

The Court first considers Plaintiff's Motion to Set Aside the Order Awarding Attorney's Fees, (Doc. 110). Plaintiff brings this motion under Rules 59(e) and 60(b), which provide parties an avenue to pursue relief from final judgments and orders. (Doc. 110) at 3-4. The Court's Order Awarding Attorney's Fees, however, is not a final order or judgment. Therefore, Plaintiff's Motion to Set Aside is properly considered under Rule 54(b), which provides that any non-final (i.e., interlocutory) order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Reconsideration of an interlocutory order is a matter of the Court's discretion and warranted when the Court has made an error of fact or of law. *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff bases its Motion to Set Aside on its assertion that the Court erred in deciding Defendants' Motion to Compel and Motion to Strike and Plaintiff's Motion to Compel. (Doc. 110). First, Plaintiff argues the Court erred in deciding Defendants' Motion to Compel because Plaintiff was only one day late in producing the disputed discovery and Plaintiff fully responded to Defendants' discovery requests. *Id.* at 1-2, 7-10. To the contrary, Plaintiff's responses to the disputed interrogatories were eleven days late and Plaintiff only responded after being reminded twice by Defendants. *See* (Doc. 74) at 2. Moreover, the Court found that Plaintiff's responses were deficient because it failed to explain why the requests were unduly burdensome or confidential, and because Plaintiff improperly objected on the basis that an interrogatory response would require an answer under oath. *Id.* at 5. The Court further found that the requests were relevant and that Plaintiff's responses were inadequate because they failed to fully answer the questions posed. *Id.* at 5-7.

Plaintiff next contends that the Court erred in deciding Plaintiff's Motion to Compel because Plaintiff's discovery requests were relevant to the issue of Plaintiff's "seniority to the rights to use the 'firefly' name based on the licensing agreements of each of the parties to claim priority on licensor's prior use of the name." *Id.* at 2, 5-6, 9-10. In denying Plaintiff's Motion to Compel, the Court found that Plaintiff incorrectly asserted that Defendants waived all objections to Plaintiff's discovery requests by seeking an extension of time to respond. (Doc. 84) at 2. The Court also found that Defendants fully responded to all of Plaintiff's discovery requests by producing all relevant and non-confidential information, and that Defendants adequately described documents that were withheld on the basis of privilege. *Id.* at 3-6.

For the foregoing reasons, the Court finds no reason to set aside its Order Awarding Attorney's Fees. Plaintiff has not shown that the Court has made an error of fact or law in ruling

on the parties' discovery motions. Moreover, Plaintiff does not challenge the Court's finding that the fee amounts requested by Defendants are reasonable. Considering the extensive briefing required due to Plaintiff's multiple unsubstantiated objections to Defendants' discovery requests and repeated failures to comply with the Court's briefing deadlines and rules, and because Plaintiff's Motion to Compel was not substantially justified, the Court again finds that none of the exceptions to Rule 37(a)(5)(B) apply and attorney's fees are properly awarded to Defendants. Therefore, the Court denies Plaintiff's Motion to Set Aside. *See Servants*, 204 F.3d at 1009 (explaining that a district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected); and *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998) (reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument") (citation omitted).

### B. Motion to Enforce and for Contempt

Defendants ask the Court to enforce its Order Awarding Attorney's Fees and to hold Plaintiff in contempt for its failure to comply with the Order. (Doc. 109). Since the Court has now denied Plaintiff's Motion to Set Aside, which was the basis for Plaintiff's opposition to Defendants' Motion to Enforce, Plaintiff must now comply with the Court's Order Awarding Attorney's Fees and pay Defendants the amounts set forth in their First and Second Declarations, (Docs. 79 and 88). Plaintiff failed to pay Defendants' attorney's fees by the Court-ordered deadline of March 15, 2022, and did not file its Motion to Set Aside until March 27, 2022. This timeline demonstrates a disregard for the Court's Order and weighs in favor of a finding of contempt. Nevertheless, given Plaintiff's counsel's assertion that Plaintiff's representatives were

not available until March 25, 2022, the Court will deny without prejudice the portion of Defendants' motion asking the Court to hold Plaintiff in contempt of court. Plaintiff has one more chance to comply with the Court's Order Awarding Attorney's Fees. Failure to do so may result in the undersigned recommending to the presiding judge to find Plaintiff in contempt of court. *See Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (providing that civil contempt may be imposed "to compel or coerce obedience to a court order" or "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance") (citation omitted); *In re Lucre Management Group, LLC*, 365 F.3d 874 (10th Cir. 2004) (explaining that in order to hold a party in civil contempt, the Court must find that a "party violated a specific and definite court order and [that] the party had notice of the order"); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) ("A district court may exercise broad discretion in using its contempt power to assure compliance with its orders."); *see also* 28 U.S.C. § 636(e)(6) (providing that when a party commits civil contempt, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge ... to show cause why that person should not be adjudged in contempt by reason of the facts so certified").

IT IS THEREFORE ORDERED, for the reasons set forth above, that Plaintiff's Motion to Set Aside the Order Awarding Attorney's Fees, (Doc. 110), is DENIED, and Defendants' Motion to Enforce Order and for Contempt, (Doc. 109), is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff must comply with the Court's Order Awarding Attorney's Fees, (Doc. 105), **no later than June 6, 2022,** and pay Defendants

attorney's fees and expenses in the amount of $7,857.66 as set forth in the First Declaration, (Doc. 79), and $4,230.69 as set forth in the Second Declaration, (Doc. 88).

    IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE