IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

       Plaintiff / Counter-defendant,

  v.                                               No. 1:20-cv-01100-KWR-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

       Defendants / Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Cancel Plaintiff's Trademark Registration **(Doc. 96).** Having reviewed the parties' pleadings and the applicable law, the Court **FINDS** that Defendants' Motion is **WELL TAKEN** and therefore is **GRANTED.**

This case is a trademark dispute over threat or gunshot detection systems. Both sides market and sell gunshot detection systems under the "FIREFLY" mark. Plaintiff registered the mark in 2017, but Defendants assert they continuously used the FIREFLY mark in commerce first, as early as 2011. Plaintiff asserted various claims alleging that Defendants infringed on their mark. The Court denied those claims as Plaintiff failed to show that it exercised prior use of the mark in commerce. **Doc. 94**.

Now Defendants seek to cancel Plaintiff's "FIREFLY" trademark registration pursuant to 15 U.S.C. § 1119. As explained below, the Court finds that Defendants' cancellation counterclaim is meritorious. The undisputed record reflects that Plaintiff cannot assert priority over Defendants, because Defendants used the FIREFLY mark continuously in commerce before Plaintiff did so. Plaintiff is not the "owner" of the FIREFLY mark, a requirement for trademark registration. The

Court therefore cancel's Plaintiff's trademark registration for FIREFLY with the United States Patent and Trademark Office.

## BACKGROUND

**I.     General Background.**

Plaintiff's first three claims arise under the federal trademark statute, the Lanham Act, 15 U.S.C. § 1114(1) (federal trademark infringement); 15 U.S.C. § 1125(a) (federal unfair competition); and 15 U.S.C. § 1125(c) (dilution under federal law). Plaintiff also asserts claims under New Mexico law, including common law unfair competition and trademark dilution under New Mexico law (NMSA § 57-3B-15). **Doc. 1-1.**

Plaintiff requested that the Court issue a preliminary injunction prohibiting Defendants from using the FIREFLY mark. The Court denied the preliminary injunction motion.

Defendants filed a motion for summary judgment on Plaintiff's claims. **Doc. 61.** Defendants primarily argued that Plaintiff was not the true owner of the "FIREFLY" mark, because Plaintiff could not show prior use of the trademark in commerce. The Court agreed and found in favor of Defendants and dismissed Plaintiff's claims. **Doc. 94.**

Plaintiff moved to set aside the summary judgment ruling. **Doc. 99**. Plaintiff asserted (1) new evidence allegedly showing prior use of the trademark in commerce and (2) that the Court clearly erred as a matter of law. The Court disagreed and concluded that Plaintiff failed to show prior use of the trademark in commerce. The Court therefore denied the motion to set aside. **Doc. 112**.

Defendants filed affirmative defenses and counterclaims, asserting that they are the true owners of the mark based on prior and continuous use going back to 2011. **Doc. 16.** Defendants asserted the following counterclaims:

Count 1: False designation of Origin under 15 U.S.C. § 1125(a);

Count 2: Unfair Competition; and

Count 3: Cancellation of Registration under 15 U.S.C. § 1119.

This matter concerns Count 3.

## II.     Undisputed facts as to summary judgment motion.[1]

Defendants requested that the Court consider the facts in the summary judgment record. Plaintiff did not object, but requested that the Court hold off on ruling on this motion until it ruled on the motion to set aside. Now that the motion to set aside has been denied, this motion is ripe. As in the motion to set aside, here Plaintiff argues that (1) new evidence compels a different result and (2) the Court erred as a matter of law. Therefore, the Court will consider the summary judgment record, along with all new facts presented by Plaintiff in this motion.

In mid-2011, Defendants began jointly developing their gunshot detection system named FIREFLY. The U.S. Army commissioned and paid for a commercial demonstration of FIREFLY in August 2011, in Yuma, Arizona. **Doc. 61 at 3, Undisputed Material Fact ("UMF") 1.** FIREFLY was completed soon after and was put on sale at an international trade show in San Francisco in December 2011. The first four FIREFLY systems were sold in March 2012. *Id.*, **UMF 2.** Since its first sale, FIREFLY has been marketed and sold nationwide. *Id.* **at UMF 3.** Defendants' average sales of FIREFLY products are approximately 19 units per year between the

---

[1] These facts are taken from the Court's opinion on summary judgment. *See* **Doc. 94.** Initially, the Court notes that Defendants' summary judgment statement of facts 1-7 are properly supported in the record and not genuinely disputed. Although Plaintiff nominally disputes Defendants' facts, the Court finds that Plaintiff's disputes are not responsive or relevant to Defendants' asserted facts, and therefore Plaintiff does not create genuine disputes as to Defendants' facts 1-7.

Plaintiff asserted its own separate facts, which the Court generally found to be irrelevant or unsupported. *See* **docs. 77, 94.** Even if its additional facts were relevant, the Court finds that Plaintiff's exhibits 1-6, 11, 13, 14, 15, 16, 17[1], 18, and 19[1] (**doc.** 77) attached to its summary judgment response should be excluded because they rely upon inadmissible hearsay.

years 2012 -2021.  *Id.* **at UMF 4.**  For each system sold, the FIREFLY trademark was placed on the system's packaging, handbook, and internal circuitry.  The name is also prominently displayed on marketing material, including Defendant Invariant's website.  *Id.* **at UMF 5.**

Plaintiff first began using the FIREFLY mark in connection with its gunshot detection system on October 1, 2014.  *Id.* **at UMF 6.**  Plaintiff registered the mark on November 7, 2017.  *Id.* **at UMF 7.**

## DISCUSSION

Defendants assert that the Court should look to the summary judgment record and the summary judgment ruling (Doc. 94) to cancel Plaintiff's trademark registration.  Defendants assert that the Court's prior ruling that Defendants had demonstrated prior use of the trademark necessitates canceling Plaintiff's trademark registration.  Plaintiff did not object to the Court looking to the summary judgment record but requested that the Court stay ruling on this motion pending resolution of its motion to set aside the summary judgment decision.  *See* **Doc. 100 at 1.** The Court stayed ruling on this decision until the motion to set aside was resolved.  Now that the Court has denied Plaintiff's motion to set aside, the Court will look to (1) the summary judgment record and (2) all exhibits attached to this briefing on the motion to cancel registration. *See* **Doc. 96** (motion to cancel trademark registration)**; Doc. 100** (Plaintiff's response to motion to cancel)**; Doc. 103** (Defendants' reply).

Plaintiff essentially repeats arguments it made in the motion to set aside, which the Court denied.  Nevertheless, the Court has reviewed all twelve exhibits Plaintiff attached to its response to the motion to cancel **(Doc. 100),** and the summary judgment record, and concludes that Plaintiff has failed to establish ownership or prior use of the FIREFLY trademark. For the reasons stated

by the Court in its prior opinions **(Docs. 94, 112)** and herein, the Court will cancel Plaintiff's FIREFLY trademark registration, No. 5,328,570.

I. **Court will cancel Plaintiff's FIREFLY trademark registration pursuant to 15 U.S.C. § 1119.**

Defendants seek to cancel Plaintiff's trademark registration under 15 U.S.C. § 1119, asserting that Plaintiff does not own the mark because it is not the prior user of the mark in commerce. The Court agrees.

Pursuant to 15 U.S.C. § 1119, the Court may cancel a trademark registration:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119.

A party seeking cancellation of a trademark registration "must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration." *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000). The standing element in the cancellation context is distinct from Article III standing and is not jurisdictional. *See id*. Cancellation standing requires "that the party seeking cancellation believe that it is likely to be damaged by the registration." *Id., quoted in Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1050 (10th Cir. 2021).

Plaintiff does not contest that Defendants have standing to assert this counterclaim for trademark registration cancellation. Generally, "being sued for infringement is sufficient to support standing for a counterclaim for cancellation." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1051 (10th Cir. 2021), *quoting World Mkt. Ctr. Venture, LLC v. Tex. Int'l Prop. Assocs.*,

No. 2:08-cv-01753-RCJ-GWF, 2009 WL 3303758, at *3 (D. Nev. Oct. 14, 2009). Here, Plaintiff sued Defendants for infringement, which supports standing for this counterclaim for cancellation.

Moreover, there are valid grounds for canceling the FIREFLY trademark registration because Plaintiff has not established ownership of the trademark through prior use. "The basic rule of trademark ownership in the United States is priority of use, which occurs through use of a symbol to identify the goods or services of one seller and distinguish them from those offered by others." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1045 (10th Cir. 2021). A trademark registration may be cancelled where a registrant does not own the mark through prior use. *Id.* at 1050; *see also* TMEP 803.01 ("An application to register a mark must be filed by the owner of the mark."); *Cent. Mfg., Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007) (where plaintiff failed to show prior use and therefore ownership over trademark, court may cancel registration of the trademark).

Trademark rights are "determined by the date of the mark's first use in commerce," and "[t]he party who first uses a mark in commerce is said to have priority over other users." *Hana Fin. v. Hana Bank*, 574 U.S. 418, 419 (2015).

> It is a bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market. To that end, registration itself establishes only a rebuttable presumption of use as of the filing date. A trademark application is always subject to previously established common law trademark rights of another party.

*S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and quotations omitted).

"[A] plaintiff may show use sufficient to establish a protectable interest through (1) "actual use in the market," or (2) "prior use analogous to trademark or service mark use." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053 (10th Cir. 2021) (internal citations and quotation marks omitted). Actual use of a mark consists of "attempt[s] to complete genuine commercial transactions." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053–54 (10th Cir. 2021).

6

However, "[n]o genuine transaction is required to acquire a protectable interest in the mark." *Id.* "[P]romotional efforts for the goods or services at issue such as advertising brochures, catalogs, newspaper ads, and articles in newspapers and trade publications" may be sufficient to establish a protectable interest. *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1054 (10th Cir. 2021).

Here, as explained in detail in the Court's prior opinions, Plaintiff fails to establish prior use of the mark over Defendants. Rather, Defendants presented undisputed material facts that they began using the FIREFLY mark in commerce as early as 2011 but no later than 2012. *See* **Doc. 94 at 5-6.** In contrast, Plaintiff admitted in interrogatories that its first use was in 2014, and it did not register the mark until 2017. *Id.* **at 6.** Plaintiff cited to news releases issued in 2017 which referenced the FIRFLY mark. But these were dated in 2017, well after Defendants' first use in commerce.

Plaintiff now argues that it can establish a priority date from 2008 based on an assignment of the trademark from Battelle, but as explained below, Plaintiff failed to show by citation to the record (1) an assignment from Battelle or (2) prior use in commerce by Battelle.

The Court also previously rejected these arguments in ruling on summary judgment and in denying Plaintiff's motion to set aside. **Docs. 94, 112**. As explained below, none of Plaintiff's twelve exhibits attached to its response (Doc. 100) are material or change the Court's opinion.

Because the record and undisputed facts show that Defendants used the FIREFLY trademark well before Plaintiff, Plaintiff is not the owner of the FIREFLY trademark, and its trademark registration for "FIREFLY", No. 5,328,570, should be canceled pursuant to 15 U.S.C. § 1119.

**II.     Plaintiff's arguments are unavailing.**

Plaintiff asserts that it can establish ownership of the trademark through a third-party, Battelle. Plaintiff asserts that Battelle used the trademark as early as 2008 or 2009 and assigned the mark to Plaintiff. The Court rejects this argument, because (1) Plaintiff failed to show that Battelle assigned the trademark to Plaintiff, and (2) Plaintiff failed to establish Battelle's prior use of the mark in commerce. Plaintiff's arguments here are similar to those in its motion to set aside judgment. *Compare* **Doc. 99 at 1, 5, 7-11** *with* **Doc. 100 at 1-7.** The Court rejected these arguments in its opinion denying Plaintiff's motion to set aside. **Doc. 112.** The Court again considers Plaintiff's arguments and concludes that none of the twelve exhibits attached to its response **(Doc. 100)** establishes an assignment or prior use. Therefore, cancellation of the trademark registration remains appropriate.

Plaintiff asserts that Battelle assigned the FIREFLY mark to Plaintiff. However, Plaintiff does not present anything in the record attached to its response (Doc. 100) which indicates that Battelle *assigned* the mark to Plaintiff. Plaintiff's own record reflects that Battelle at most gave Plaintiff a nonexclusive license for the FIREFLY mark. **Doc. 100-3, ¶ 10.** In its opposition to summary judgment, Plaintiff asserted that Battelle *licensed* the mark to Plaintiff.

Generally, to enforce another party's prior use rights, a subsequent party, such as Plaintiff must have acquired title to the trademark through a valid assignment. *See* McCarthy on Trademarks 18:15 ("all courts follow the rule that… after a valid assignment, the assignee acquires all of the legal advantages of the mark that the assignor enjoyed, including priority of use." ). In the summary judgment briefing, Plaintiff merely asserted that it acquired a license and therefore admits it has no ownership rights in the mark. McCarthy on Trademarks 18:52 ("A licensee's use inures to the benefit of the licensor-owner of the mark and the licensee acquires no ownership rights in the mark itself."); **Doc. 77-22** (providing that Plaintiff receives a nonexclusive license); **Doc. 100-3, ¶ 10** (same). As a nonexclusive licensee, Plaintiff may not rely on the licensor's prior use to establish priority. *Moreno*

8

*v. Pro Boxing Supplies, Inc.*, 124 U.S.P.Q.2d 1028 (T.T.A.B. 2017) (holding that a licensee could not rely on her licensor's prior trademark use to establish priority). As explained above, a trademark may only be registered by its owner, and a licensee is not an owner of a trademark.

Now, Plaintiff asserts that Battelle assigned the FIREFLY trademark to it. However, none of the twelve exhibits attached by Plaintiff to its response (Doc. 100) mention an assignment by Battelle to Plaintiff. *See* **Doc. 100, Exs. 1-12**[2]. At most, Plaintiff only submits evidence that it obtained a "nonexclusive license" over certain technology and over any copyrightable works "conceived or first reduced to practice by BATTELLE under this Technology Assistance." **Doc. 100-3, ¶ 10.** Plaintiff cites to this apparent license agreement, which appears to refer to a non-exclusive license for the patented technology, and does not refer expressly to FIREFLY. To the extent Battelle in fact assigned the FIREFLY trademark to Plaintiff, that assignment is not in the record before the Court.[3] The record is also otherwise devoid of any evidence that Plaintiff owns the trademark.

---

[2] In separate briefing on the motion to set aside, Plaintiff claims that Battelle assigned the FIREFLY mark to it, and cites to "exhibit 36." *See* **doc. 106 at 2, 3.** It is unclear what Plaintiff means by Exhibit 36, as there was no exhibit 36 attached to the reply. Moreover, the Court generally does not consider exhibits attached for the first time to a reply brief, when a party had ample opportunity to provide it earlier. *See* **Doc. 112 at 5-6.**

[3] In separate briefing on Plaintiff's motion to set aside, which is not the subject of this opinion, Plaintiff attached an affidavit by Boaz Raz, CEO of Plaintiff. **Doc. 106-12.** This affidavit was created on February 25, 2022, apparently in support of Plaintiff's *reply* to its motion to set aside summary judgment. **Doc. 106.** The affidavit was created *after* the briefing on this motion was completed. Boaz Raz states in the affidavit that Battelle assigned the FIREFLY trademark to Plaintiff on March 16, 2017. **Doc. 106-12 at 8.** As explained in the Court's prior opinion (**Doc. 112**), it did not consider this new evidence attached to Plaintiff's *reply* to its motion to set aside, because it was unclear why Plaintiff did not attach the affidavit to its summary judgment briefing, or to the *motion to set aside.* It is also unclear why Plaintiff did not include the alleged trademark assignment into the record. *TMT N. America v. Magic* Touch, 124 F.3d 876, 884 (7th Cir. 1997) ("Requiring strong evidence to establish an assignment is appropriate both to prevent parties from using self-serving testimony to gain ownership of trademarks and to give parties incentives to identify expressly the ownership of the marks they employ."). Plaintiff did not cite to or attach the affidavit in the briefing on the motion to cancel trademark registration. Because Plaintiff had ample opportunity earlier in these proceedings to prove an assignment existed, and Defendants

Even if Battelle had assigned the FIREFLY mark to Plaintiff, Plaintiff failed to establish in the record that Battelle used the mark in commerce before Defendants. None of the twelve exhibits cited by Plaintiff in opposition establish that Battelle used the FIREFLY mark in commerce. *See* **Docs. 100, Exs. 1-12.** For example, Plaintiff asserts that Battelle used the FIREFLY name on a sensor it developed in 2008. Plaintiff presents a mere image of the gunshot detection system with the FIREFLY mark. However, the record does not reflect when the image was taken. **Doc. 100-8, Ex. 8.** This exhibit does not establish Battelle's prior use of the sensor in commerce. Plaintiff also cites to certain news releases, which were issued by Battelle in *2017*, and do not establish priority. **Docs. 100-9, 100-10, 100-11.**

Plaintiff asserts that it can establish Battelle's priority date in 2009, based on (1) a screenshot of a computer file folder system and (2) computer code by Battelle. *See* **Docs. 100-4, 100-5.** As the Court previously explained, neither the screenshot of the file folder nor the computer code provide evidence of prior use in commerce. *See* **doc. 112.**

## CONCLUSION

For the reasons stated herein and in the Court's prior opinions (**Docs. 94 and 112**), the Court concludes that Plaintiff failed to show it is the owner of the FIREFLY trademark through prior use. Because it is not the owner of the FIREFLY trademark, its registration of the mark was inappropriate. Therefore, the Court will cancel Plaintiff's FIREFLY trademark registration No. 5,328,570 pursuant to 15 U.S.C. § 1119.

---

have not had the opportunity to rebut this newly created affidavit attached to a reply, the Court declines to consider the affidavit (Doc. 106-12). *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("in accordance with *Beaird,* we conclude the court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief.").

**IT IS THEREFORE ORDERED** that Defendants' Motion to Cancel Plaintiff's Trademark Registration **(Doc. 96)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Security USA Services, LLC's trademark registration for FIREFLY, No. 5,328,570, registered on November 7, 2017, shall be **CANCELED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**