IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

    Plaintiff,

v.                                                             No. 1:20-cv-1100 KWR/KRS

INVARIANT CORPORATION, et al.,

    Defendants.

### ORDER CERTIFYING FACTS PURSUANT TO 28 U.S.C. § 636(e)(6)(B)

THIS MATTER is before the Court on the Court's Order Granting in Part Motion to Enforce Order Awarding Fees, (Doc. 124), and Defendants' Notice of Failure to Comply With Order, (Doc. 126). In the Court's Order Granting the Motion to Enforce, the Court ordered Plaintiff to comply with the Court's Order Awarding Fees, (Doc. 105), and to pay Defendants' attorney's fees and expenses in the amount of $7,857.66 as set forth in the First Declaration, (Doc. 79), and $4,230.69 as set forth in the Second Declaration, (Doc. 88), no later than June 6, 2022. On June 8, 2022, Defendants filed a Notice stating that Plaintiff has not paid the attorney's fees, and that Defendants' counsel spoke with Plaintiff's counsel on June 7, 2022 and Plaintiff's counsel "indicated that he would talk with his clients." (Doc. 126). Defendants state that no further information has been provided. *Id.* Having reviewed the record of the case and relevant law, the Court CERTIFIES the facts set forth below pursuant to 28 U.S.C. § 636(e)(6)(B) to the District Judge presiding over this case for contempt proceedings.

    **I.**     **Legal Standard**

Contempt of court occurs when a party violates a specific and definite court order and the party has notice of that order. *In re Lucre Mgmt. Grp., LLC*, 365 F.3d 874, 875 (10th Cir. 2004).

A court may sanction such contemptuous conduct to enforce compliance with the court's orders or to compensate for losses or damages sustained due to noncompliance. *Law v. NCAA*, 134 F.3d 1438, 1442 (10th Cir. 1998). "[W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994); *see also Dartez v. Peters*, 759 Fed. Appx. 684, 689-90 (10th Cir. 2018) (unpublished) ("Civil contempt is characterized by the court's desire to compel obedience of the court order or to compensate the litigant for injuries sustained from the disobedience. … On the other hand, the primary purpose of a criminal contempt is to punish defiance of a court's judicial authority.").

Magistrate judges have limited contempt authority. *See generally* 28 U.S.C. 636(e). When a magistrate judge finds that contempt has occurred, and that judge is not presiding with consent pursuant to 28 U.S.C. 636(c), the magistrate judge must certify the contempt to a district judge. 28 U.S.C. § 636(e)(6). The procedure set out by statute is as follows:

> [The magistrate judge shall] certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

*Id.* A certification of facts is distinct from a proposed findings and recommended disposition in that the magistrate judge's duty under this subsection is to determine whether sufficient evidence has been adduced to establish a prima facie case of contempt. *See Wallace v. Kmart Corp.*, 687

F.3d 86, 90-91 (3d Cir. 2012); *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 517, 521 (4th Cir. 1987); *Daniel & Max LLC v. BAB Holding Co., LLC*, 2022 WL 19191, *2 (D.N.M. 2022).

**II.     Certification of Facts**

Pursuant to 28 U.S.C. § 636(e)(6)(B), the undersigned CERTIFIES the following facts for the District Judge's consideration:

1.      On November 24, 2021, the Court granted Defendants' Motion to Compel and Motion to Strike, (Doc. 74), and on December 15, 2021, the Court denied Plaintiff's Motion to Compel, (Doc. 84).  In both of these Orders, the Court awarded Defendants attorney's fees and expenses pursuant to Fed. R. Civ. P. 37 and ordered Defendants to file an itemization of fees for the Court's consideration.

2.      Defendants filed declarations itemizing fees and expenses incurred in relation to their Motion to Compel and Motion to Strike in the amount of $7,857.66, (Doc. 79, "First Declaration"), and in responding to Plaintiff's Motion to Compel in the amount of $4,230.69, (Doc. 88, "Second Declaration").  Plaintiff filed a response in opposition to Defendants' First Declaration but did not oppose the Second Declaration.  (Doc. 83).

3.      On February 25, 2022, the Court entered an Order awarding Defendants their attorney's fees and expenses.  (Doc. 105).  Using the "lodestar" analysis, the Court found that the time spent and hourly rates were reasonable, and the Court rejected Plaintiff's objections to the Frist Declaration.  *Id.* at 3 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) ("To determine a reasonable attorney fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate."); and *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (explaining the lodestar analysis has two components: first, whether the hours billed

"were 'necessary' under the circumstances;" and second, whether the hourly rate charged "is the prevailing market rate in the relevant community")). The Court ordered Plaintiff to pay Defendants the amounts set forth in their declarations by March 15, 2022. *Id.* at 4.

4.	Plaintiff did not comply with the Court's Order Awarding Attorney's Fees. On March 23, 2022, Defendants filed a Motion to Enforce Order and for Contempt, (Doc. 109), and on March 27, 2022, Plaintiff filed a Motion to Set Aside the Order Awarding Attorney's Fees, (Doc. 110). After briefing on these motions, the Court entered an Order Granting in Part Defendant's Motion to Enforce and Denying Plaintiff's Motion to Set Aside. (Doc. 124).

5.	The Court first found no reason to set aside its Order Awarding Attorney's Fees because Plaintiff did not show that the Court made an error of fact or law in ruling on the parties' discovery motions, and Plaintiff did not challenge the Court's finding that the fee amounts requested by Defendants are reasonable. The Court took into consideration the extensive briefing required due to Plaintiff's multiple unsubstantiated objections to Defendants' discovery requests and repeated failures to comply with the Court's briefing deadlines and rules, and because Plaintiff's Motion to Compel was not substantially justified, the found that none of the exceptions to Rule 37(a)(5)(B) apply and attorney's fees are properly awarded to Defendants. Therefore, the Court denied Plaintiff's Motion to Set Aside.

6.	Next, the Court granted in part Defendants' Motion to Enforce its Order Awarding Attorney's Fees and for Contempt. The Court noted that Plaintiff failed to pay Defendants' attorney's fees by the Court-ordered deadline of March 15, 2022, and did not file its Motion to Set Aside until March 27, 2022, which demonstrated a disregard for the Court's Order and weighed in favor of a finding of contempt of court. Nevertheless, the Court denied without

prejudice Defendants' motion to hold Plaintiff in contempt because Plaintiff's counsel asserted that Plaintiff's representatives were not available until March 25, 2022.

7. The Court stated that "Plaintiff has one more chance to comply with the Court's Order Awarding Attorney's Fees.  Failure to do so may result in the undersigned recommending to the presiding judge to find Plaintiff in contempt of court."  (Doc. 124) at 7 (citing *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (providing that civil contempt may be imposed "to compel or coerce obedience to a court order" or "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance") (citation omitted); *In re Lucre Management Group, LLC*, 365 F.3d 874 (10th Cir. 2004) (explaining that in order to hold a party in civil contempt, the Court must find that a "party violated a specific and definite court order and [that] the party had notice of the order"); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) ("A district court may exercise broad discretion in using its contempt power to assure compliance with its orders.")).

8. Accordingly, on May 23, 2022, the Court ordered Plaintiff to comply with the Court's Order Awarding Attorney's Fees, (Doc. 105), by June 6, 2022, and pay Defendants their attorney's fees and expenses in the amount of $7,857.66 as set forth in the First Declaration, (Doc. 79), and $4,230.69 as set forth in the Second Declaration, (Doc. 88).  (Doc. 124) at 7-8.

9. On June 8, 2022, Defendants notified the Court that Plaintiff has not paid the attorney's fees and expenses as it was ordered to do, and that Defendants' counsel contacted Plaintiff's counsel about the status of the payment and Plaintiff's counsel "indicated that he would talk with his clients."  (Doc. 126).

10. To date, Plaintiff has not responded to Defendants' Notice or otherwise indicated that it has complied with the Court's Order Awarding Attorney's Fees.

Pursuant to 28 U.S.C. § 636(e)(6)(B), the undersigned CERTIFIES the above facts for consideration by the presiding District Judge to fashion an appropriate sanction for Plaintiff failing twice to comply the Court's Order Awarding Attorney's Fees.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE