IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

SECURITY USA SERVICES, LLC,

    Plaintiff,

    v.                                                  No. 1:20-cv-01100-KWR-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

    Defendants.

### ORDER DENYING MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL

**THIS MATTER** comes before the Court upon Plaintiff Security USA Services, LLC's Motion to Certify Orders for Interlocutory Appeal **(Doc. 130)**, and Plaintiff's Motion to Stay and Toll Pending Interlocutory Appeal **(Doc. 131)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motions are **NOT WELL TAKEN** and therefore are **DENIED**.

Plaintiff requests that the Court certify certain orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Under that provision,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order....

*Id.* Given the terms of the statute, four criteria must be met before an issue may be certified for appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Grand Jury Proceedings June*

*1991*, 767 F.Supp. 222, 223 (D. Colo. 1991). The decision whether to allow an immediate appeal of a nonfinal order under § 1292(b) is a discretionary one. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995).

Here, Plaintiff has not shown that there is a question of law "as to which there is a substantial ground for difference of opinion." § 1292(b).

> There is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. A "substantial ground for difference of opinion" exists under 28 U.S.C.A. § 1292(b) where reasonable jurists might disagree on an issue's resolution and not merely where they have already disagreed.
> To determine if a substantial ground for difference of opinion exists, as required to certify an order for interlocutory appeal, courts must examine to what extent controlling law is unclear; however, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support interlocutory appeal. On the other hand, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting the development of contradictory precedent.

2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted) (collecting cases), *quoted in In re Gold King Mine Release in San Juan Cnty., Colorado, on Aug. 5, 2015*, No. 1:18-CV-00744-WJ-KK, 2019 WL 4671515, at *2 (D.N.M. Sept. 25, 2019).

Plaintiff has not shown there is unsettled law here or novel issues, or that there is a substantial ground for difference of opinion as to the resolution of a question of law. Moreover, Plaintiff has not shown that any of the above circumstances apply here. Rather, Plaintiff disputes the Court's application of settled law to the facts. Generally, "district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Certain Underwriters at Lloyd's v. Nance*, No.

CIV 04-937 JB/WDS, 2006 U.S. Dist. LEXIS 95657, at *8-9 (D.N.M. Aug. 24, 2006).  Therefore, the Court denies Plaintiff's motion to certify.

Plaintiff appears to request the Court stay this proceeding pending an interlocutory appeal.  Because the Court denies Plaintiff's motion to certify, it denies Plaintiff's motion to stay as moot.

Alternatively, Plaintiff did not seek Defendants' concurrence in its motions, which separately merits denial of the motions.  D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Orders for Interlocutory Appeal **(Doc. 130)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay and Toll Pending Interlocutory Appeal **(Doc. 131)** is **DENIED AS MOOT**.

**IT IS ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**