IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

       Plaintiff / Counter-defendant,

     v.                                                No. 1:20-cv-01100-KWR-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

       Defendants / Counterclaimants.

## ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon the Defendants' Motion for Summary Judgment and Permanent Injunction **(Doc. 136).** Defendants request the Court enter judgment in their favor on their False Designation of Origin (15 U.S.C. § 1125(a)) counterclaim and enter an injunction prohibiting Plaintiff from using the FIREFLY trademark on their gunshot detection systems.

Plaintiff's sole ground for opposing summary judgment on the counterclaim is that there is no likelihood of confusion. But likelihood of confusion has never been a disputed issue before over the past three years. The parties use an identical or substantially similar FIREFLY mark. On multiple occasions Plaintiff has asserted there is a likelihood of confusion. Even if Plaintiff has not admitted a likelihood of confusion, the Court finds there is likelihood of confusion on the merits.

Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' Motion is well taken in part and therefore is **GRANTED IN PART.** The Court enters summary judgment on Defendants' counterclaim in Defendants' favor and agrees that an

injunction is necessary and appropriate. However, the Court will order supplemental briefing on the scope of the injunction, which the parties did not address.

## BACKGROUND

### I.     General Background.

This case is a trademark dispute regarding gunshot detection systems. Both sides market and sell gunshot detection systems under the "FIREFLY" mark. Plaintiff registered the mark in 2017, but Defendants assert they continuously used the FIREFLY mark in commerce first, as early as 2011. Plaintiff asserted various claims alleging that Defendants infringed their mark. The Court denied those claims as Plaintiff failed to show that it exercised prior use of the mark in commerce. **Doc. 94**.

Plaintiff's first three claims arose under the federal trademark statute, the Lanham Act, 15 U.S.C. § 1114(1) (federal trademark infringement); 15 U.S.C. § 1125(a) (federal unfair competition); and 15 U.S.C. § 1125(c) (dilution under federal law). Defendants filed affirmative defenses and counterclaims, asserting that they are the true owners of the mark based on prior and continuous use going back to 2011. **Doc. 16.** Defendants asserted the following counterclaims:

Count 1: False designation of Origin under 15 U.S.C. § 1125(a);

Count 2: Unfair Competition; and

Count 3: Cancellation of Registration under 15 U.S.C. § 1119.

Plaintiff requested that the Court issue a preliminary injunction prohibiting Defendants from using the FIREFLY mark. The Court denied the preliminary injunction motion.

Defendants filed a motion for summary judgment on Plaintiff's claims. **Doc. 61.** Defendants primarily argued that Plaintiff was not the true owner of the "FIREFLY" mark, because

Plaintiff could not show prior use of the trademark in commerce.  The Court agreed and found in favor of Defendants and dismissed Plaintiff's claims.  **Doc. 94.**

Plaintiff moved to set aside the summary judgment ruling. **Doc. 99**.  Plaintiff asserted (1) new evidence allegedly showing prior use of the trademark in commerce and (2) that the Court clearly erred as a matter of law. The Court disagreed and concluded that Plaintiff failed to show prior use of the trademark in commerce.  The Court therefore denied the motion to set aside.  **Doc. 112**.

Defendants sought to cancel Plaintiff's "FIREFLY" trademark registration pursuant to 15 U.S.C. § 1119. The Court found that undisputed record reflects that Plaintiff cannot assert priority over Defendants, because Defendants used the FIREFLY mark continuously in commerce before Plaintiff did so.  *See* **Doc. 125**.  Plaintiff is not the "owner" of the FIREFLY mark, a requirement for trademark registration.  The Court therefore cancelled Plaintiff's trademark registration for FIREFLY with the United States Patent and Trademark Office.

Now, Defendants seek summary judgment on their counterclaim under Count 1, and to enjoin Plaintiff from using the FIREFLY mark.

At the hearing held on January 24, 2023, Defendants represented that the only remaining counterclaim was Count 1, and Defendants only sought an injunction, not damages.

II.     **Undisputed facts as to summary judgment motion.**

Defendants have priority over the FIREFLY trademark based on prior use of the FIREFLY trademark used to identify their gunshot detection system, based on continuous use of the mark since August 2011.  **Doc. 136 at 2 UMF 1,** *citing* **Doc. 112 at 3; Doc. 61 at 3-4; Doc. 16 at 14**. Although Plaintiff nominally disputes this fact, it did not genuinely dispute this fact by citation to the record.  Plaintiff states that it was assigned the trademark FIREFLY by Pacific Northwest

National Laboratory ("Battelle").  However, Plaintiff does not support that assertion by a citation in the record.   Plaintiff cites to Docs. 75-20, 75-21, 75-22, 75-23.  None of these documents establish that Battelle assigned the FIREFLY mark to Plaintiff or established prior use in commerce.

In a prior opinion, the Court noted that (1) Plaintiff had failed to establish priority in the use of FIREFLY mark over Defendants; and (2) Plaintiff failed to show that Battelle assigned the FIREFLY mark to Plaintiff.  **Doc. 125 at 7-11**. Even if Plaintiff had demonstrated an assignment, the Court noted that Plaintiff had failed to demonstrate Battelle's prior use of the mark in commerce. *Id.*  Plaintiff provides nothing in the current briefing to dispute those conclusions.

Plaintiff has used FIREFLY in association with its gunshot detection system since either 2014, at the earliest, or 2017, at the latest.  Defendants' Statement of Undisputed Material Fact 2, **Doc. 136 at 2**, citing **Doc. 94 at 3**; **Doc. 61 at 8**; **Doc. 16 at 14, ¶ 32**.

Plaintiff's use of FIREFLY is confusingly similar to Hyperion/Invariant' use of the trademark to market similar goods.  Defendants' Statement of Undisputed Material Fact 3, **Doc. 136 at 2**, citing **Doc. 99 at 12-15** (Plaintiff arguing that consumers will continue to be confused by the parties' simultaneous use of FIREFLY); **Doc. 16 at 14**, ¶ 32.  Although Plaintiff disputes this fact, Plaintiff has previously admitted and asserted that the FIREFLY trademark is confusingly similar.  **Doc. 99 at 12-15**.

Plaintiff continues to use the FIREFLY trademark.  Defendants Statement of Undisputed Material Fact 4, **Doc. 136 at 3**.  Plaintiff disputes this fact, but does not state or argue that it no longer uses the mark.

Moreover, Plaintiff did not file an answer to Defendants' counterclaims.  Therefore, each allegation in Defendants counterclaim is admitted.  Fed. R. Civ. P. 8(b)(6).  Plaintiff's answer to

the counterclaim was due 14 days after the Court denied its motion to dismiss the counterclaim. Fed. R. Civ. P. 12(a)(4)(A). Defendants asserted that the allegations in the counterclaim were admitted, **Doc. 136**, and Plaintiff did not dispute this. **Doc. 138**.

## DISCUSSION

### I. The Court enters summary judgment in Defendants' favor on their False Designation of Origin counterclaim under 15 U.S.C. § 1125(a) (Count I).

Defendants counterclaimed false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). "A trademark that infringes an unregistered mark or unregistered trade dress is treated as a 'false designation of origin' under Section 43." 2 Gilson on Trademarks 7.02[5][A]. To prevail under Section 43(a), a party must show "(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used an identical or similar mark in commerce; and (3) that the defendant's use is likely to confuse customers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (citation and quotations omitted).

As explained below, Defendants have carried their initial burden as the movant on each element. In response, Plaintiff's sole argument is a lack of likelihood of confusion. The Court finds that argument is not well taken.

First, Defendants have a protectable interest, as they have demonstrated prior use in commerce of the FIREFLY mark as to gunshot detection systems. "The basic rule of trademark ownership in the United States is priority of use, which occurs through use of a symbol to identify the goods or services of one seller and distinguish them from those offered by others." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1045 (10th Cir. 2021). Trademark rights are "determined by the date of the mark's first use in commerce," and "[t]he party who first uses a mark in

commerce is said to have priority over other users." *Hana Fin. v. Hana Bank*, 574 U.S. 418, 419 (2015).

> It is a bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market. To that end, registration itself establishes only a rebuttable presumption of use as of the filing date. A trademark application is always subject to previously established common law trademark rights of another party.

*S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and quotations omitted).

"[A] plaintiff may show use sufficient to establish a protectable interest through (1) "actual use in the market," or (2) "prior use analogous to trademark or service mark use." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053 (10th Cir. 2021) (internal citations and quotation marks omitted). Actual use of a mark consists of "attempt[s] to complete genuine commercial transactions." *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053–54 (10th Cir. 2021). However, "[n]o genuine transaction is required to acquire a protectable interest in the mark." *Id.* "[P]romotional efforts for the goods or services at issue such as advertising brochures, catalogs, newspaper ads, and articles in newspapers and trade publications" may be sufficient to establish a protectable interest. *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1054 (10th Cir. 2021).

Here, as explained in detail in the Court's prior opinions, Plaintiff fails to establish prior use of the mark over Defendants. Rather, Defendants presented undisputed material facts that they began using the FIREFLY mark in commerce as early as 2011 but no later than 2012. **Doc. 136** SUMF 1; *see also* **Doc. 94 at 5-6.** In contrast, Plaintiff admitted in interrogatories that its first use was in 2014, and it did not register the mark until 2017. **Doc. 136 SUMF 2.** Plaintiff cites various documents in its response. *See* **Docs. 75-20; 75-21; 75-22; 75-23**. But as explained above, none of these establish prior use of the FIREFLY mark in commerce by Plaintiff. Because the record

and undisputed facts show that Defendants used the FIREFLY trademark well before Plaintiff, Plaintiff is not the owner of the FIREFLY trademark.

Plaintiff now argues that it can establish a priority date from 2008 based on an assignment of the trademark from Battelle, but as explained above and in the Court's prior opinions, Plaintiff failed to show by citation to the record (1) an assignment from Battelle or (2) prior use in commerce by Battelle. *See* **Docs. 94, 112, and 125**. None of the documents it cites in its response supports an assignment of the mark or prior use in commerce. *See* **Doc. 138, citing Docs. 75-20, 75-21, 75-22, 75-23**.

Moreover, Defendants have demonstrated that (1) Plaintiff is using an identical or similar mark and (2) there is a likelihood of confusion. Plaintiff has admitted as much in two respects. It is undisputed that the parties use an identical or substantially similar mark – FIREFLY. Moreover, Plaintiff has always argued – until this motion – that there is a likelihood of confusion. **Doc. 8 at 3-4** (Plaintiff asserted that "[t]here is a clear likelihood of confusion"); **Doc. 99 at 12-13** ("The two phrases are identical"); **Doc. 8 at 6** (Plaintiff admitting the parties' gunshot detection systems "are in the exact same industry and exactly same region, in fact, are in direct competition with Security USA."). The Court finds that Plaintiff has admitted a likelihood of confusion. Moreover, Plaintiff did not file an answer to Defendants' counterclaims. This constitutes an admission of the factual allegations in the Defendants' counterclaim. Fed. R. Civ. P. 8(b)(6); 12(a)(4)(A). Thus, Plaintiff admitted that:

- "The goods or services Security USA offers under its FIREFLY trademark are the same as or highly similar to those offered under the authentic trademark by Counterclaimants." **Doc. 16 at ¶ 27**.

- "Security USA's use of the FIREFLY trademark on its products is likely to confuse consumers and likely to cause consumers to mistakenly believe that the products offered by the plaintiff are created, licensed, sponsored by, connected with, or otherwise associated with Counterclaimants, or otherwise come from the same source as products identified by the FIREFLY trademark." **Doc. 16 at ¶ 28**.

- Plaintiff's infringing use "deceives prospective purchases into believing that goods sold by Security USA under the infringing mark originate from or are endorsed by Counterclaimants. Security USA's use of the infringing mark is likely to cause confusion, mistake, or deception as to the affiliation or connection of counterclaimants with Security USA, and as to the origin, sponsorship, or approval of Security USA's infringing products Upon information and belief, Security USA's use of FIREFLY for its own gunfire detection system has deceived consumers into believing that Security USA is in some way associated with, connected with, or affiliated with Counterclaimants, all to Counterclaimants' damage." **Doc. 16 at ¶ 32**.

Alternatively, even if Plaintiff had not admitted a likelihood of confusion, the Court would find in Defendants' favor on the merits. In evaluating a likelihood of confusion, the Court considers the similarity of the marks; intent when the mark was adopted; evidence of actual confusion, similarity of products and marketing; degree of care exercised by consumers; and strength of the marks. *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1093 (10th Cir. 1999). "[T]he similarity of the marks factor constitutes the heart of the analysis." *Id.* Similarity of the trademarks and their associated goods may be the greatest indicator of likelihood of confusion. *Wynn Oil Co.*, 839 F.2d at 1191. The Court finds that Defendants have carried their burden of showing a likelihood of confusion.

It is undisputed that the parties use identical marks ("FIREFLY") on their competing gunshot detection systems. Likelihood of confusion is obvious when two companies sell the same thing under the same name. *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1191 (6th Cir. 1988) ("Obviously, since both marks use absolutely identical language to sell a nearly identical service, the likelihood of confusion must be considered great," and such cases are "open and shut."). Both use the FIREFLY mark on gunshot detection systems, and Plaintiff itself has submitted evidence of actual confusion among consumers. **Doc. 138 at 2**.

Plaintiff argues that the gunshot detection systems differ in physical dimensions. But Plaintiff does not argue that the competing products do not have the same function. Moreover, Plaintiff has previously admitted that "the services and products promoted by Plaintiff's Firefly are utilized in the same geographical area and for the same purposes as Defendants [sic] products…" **Doc. 8 at 6.**

Plaintiff argues that likelihood of confusion should be left to the trier of fact. However, Plaintiff has not created a genuine issue of material fact as to the likelihood of confusion. *Sally Beauty Supply*, 304 F.3d 964, 972 (10th Cir. 2002) ("In this circuit, likelihood of confusion is a question of fact but one amenable to summary judgment in appropriate cases.").

Therefore, the Court finds there is no genuine dispute of material fact, and Defendants are entitled to summary judgment on their claim under Count 1 (False Designation of Origin under 15 U.S.C. § 1125(a)).

**II.     Defendants' Request for Injunctive Relief.**

Under Count 1, Defendants requests a broad injunction as follows, prohibiting Plaintiff as well as its "principals, agents, servants, licensees, employees, successors, assigns, affiliated entities, and all those in privity with it from":

- Using FIREFLY or any colorable imitation or confusingly similar trademark;

- Manufacturing, producing, distributing, circulating, selling, advertising or marketing goods bearing FIREFLY or any colorable imitation thereof;

- Using FIREFLY or any other term in a fashion likely to relate or connect FIREFLY with Security; and

- Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

**Doc. 136 at 9.** Plaintiff did not substantively address the request for permanent injunction. The Court finds an injunction is appropriate but believes that Defendants' proposed injunction language may be overly broad.

Permanent injunctions are available to remedy violations of the Lanham Act. 15 U.S.C. 1116 ("The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions… to prevent violations under subsection (a), (c), or (d) of section 1125 of this title.")[1]. The Court also has equitable power to issue injunctions. In determining whether an injunction is appropriate, the Court considers examines whether (1) the requesting party has suffered irreparable injury, (2) there is an adequate remedy at law, (3) an injunction is warranted given the balance of hardships between the parties, and (4) the public's interest is not disserved by the injunction. *eBay, Inc. v, MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

---

[1] Neither party requested a hearing on the injunction.

First, Defendants have demonstrated irreparable harm.  There is a rebuttable presumption that a trademark owner suffers irreparable injury for infringing conduct.  15 U.S.C. § 1116(a) ("a party seeking an injunction "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction.").  Plaintiff did not contest that irreparable harm exists, and therefore did not rebut the presumption.  Even if no statutory presumption existed, irreparable harm exists upon a showing of trademark infringement.  *Amoco Oil Co. v. Rainbow Snow, Inc.*, 809 F.2d 656, 663 (10th Cir. 1987).  Here, the Court finds irreparable harm exists.

Second, the Court finds there is no adequate remedy at law.  It is clear that any monetary award would not stop Plaintiff from selling its gunshot detection system under the FIREFLY name.  Extraordinarily, Plaintiff has repeatedly refused to pay attorneys' fees awarded by the Court.  *See* **Doc. 105; Doc. 124**.  Even if Plaintiff would pay damages, the Court finds that there is no adequate remedy at law for Plaintiff's continued infringement.  *Century 21 Real estate Corp., v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (injunctive relief is remedy of choice for trademark and unfair competition cases, reasoning that no adequate remedy exists for continuing infringement); *Mai Sys. Corp. v, Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("as a general rule a permanent injunction will be granted when liability has been established and there is a threat of continuing violation.").

Third, the balance of harms weighs in favor of an injunction.  Defendants have demonstrated prior ownership and demonstrated that Plaintiff unlawfully uses the FIREFLY mark.  Plaintiff has not asserted any alleged harm.  Here, the threatened injury to Defendants' goodwill caused by Plaintiff's continued infringing or unlawful acts outweighs any injury an injunction may cause Plaintiff.  Although Plaintiff's business may be impacted, Plaintiff cannot avoid an

injunction "by claiming harm to a business built upon that infringement." *General Motors Corp. v. Urban Gorilla,, L.L.C.,* 500 F.3d 1222, 1229 (10th Cir. 2007).

Finally, enjoining Plaintiff from using the FIREFLY mark is in the public's interest. "[I]t almost always will be the case that the public interest will favor the[trademark owner]" when there is a risk of confusion, because otherwise the public will be harmed through unauthorized, deceptive trademark uses. *AT&T Co. v. Winback & Conserve Program, Inc*., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994). As explained above, Plaintiff does not own the FIREFLY trademark, and an injunction would serve the public's interest by ensuring that Plaintiff's good are not sold under Defendants' mark.

Plaintiff asserts that *permanent* injunctive relief would be inappropriate unless Defendants posted a bond. Although a bond may be a requirement in certain circumstances for *preliminary* injunctive relief, Plaintiff has not shown that a bond is necessary or appropriate here for this permanent injunction. *See* Fed. R. Civ. P. 65(c) (mentioning security or bond for *preliminary* injunctions). To the extent a bond is relevant, Plaintiff has not demonstrated the damages it would suffer for the Court to award a bond.

However, the Court finds that Defendants' requested injunction is overly broad. First, they request that the injunction apply to individuals or entities which are not parties to the suit. *See* Fed. R. Civ. P. 65(d)(2) (injunction order "binds … the parties' officers, agents, servants, employees, and attorneys…"). The Court typically only issues an injunction between the parties to an action, and generally does not issue injunctions implicating individuals or entities which did not litigate a matter. Second, they appear to request that the Court prohibit Plaintiff from using other marks. However, this case has been limited to the use of the FIREFLY mark, not other marks. The Court must also be specific in the language it uses in an injunction, and should not

enter an injunction which is ambiguous or merely parrots legal elements. Fed. R. Civ. P. 65(d)(1)(B), (C). Finally, the requested injunction does not specify a geographic scope.

Therefore, the Court proposes the following narrower injunction prohibiting Security USA Services, LLC, or its principals, officers, agents, servants, and employees, from:

- Using the FIREFLY trademark; and
- Manufacturing, producing, distributing, circulating, selling, advertising, or marketing gunshot detection systems bearing the FIREFLY mark.

The Court must also specify the geographic scope of the injunction. The Court will direct the parties to submit supplemental briefing, as follows:

- The parties should address, or object to, the scope of the proposed injunction;
- The parties should opine on the appropriate geographic scope of the proposed injunction;
- The parties should state whether Plaintiff has paid the attorneys' fees as required by court order; and
- whether there are any other pending matters preventing the Court from entering final judgment and a permanent injunction.

The parties shall file the supplemental briefing within **fourteen (14) days** of the entry of this order.

## CONCLUSION

For the reasons stated herein, the Court concludes that summary judgment should be entered in Defendants' favor on their false designation of origin counterclaim under 15 U.S.C. § 1125(a) (Count I). Moreover, Defendants have shown that an injunction is appropriate. However, the Court orders supplemental briefing on the scope of the injunction, as described above.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment and Permanent Injunction **(Doc. 136)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the parties shall file supplemental briefing addressing the issues raised above within **fourteen (14) days** of the entry of this order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**