IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

      Plaintiff / Counter-defendant,

  v.                                       No. 1:20-cv-01100-KWR-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

      Defendants / Counterclaimants.

## INJUNCTION ORDER

**THIS MATTER** comes before the Court upon the Defendants' Motion for Summary Judgment and Permanent Injunction **(Doc. 136).** For the reasons stated below, the Court will enter an injunction prohibiting Security USA Services, LLC from using the FIREFLY mark. This injunction order also applies to those in active concert or participation with Security USA Services, LLC with actual notice of the injunction, including successors in interest, subsidiaries, and those in privity with Security USA Services.

Counterclaimants requested the Court enter summary judgment in their favor on their False Designation of Origin (15 U.S.C. § 1125(a)) counterclaim and enter an injunction prohibiting Security USA Services from using the FIREFLY trademark on their gunshot detection systems. **Doc. 136.**

The Court granted Counterclaimants' motion for summary judgment and entered an order finding an injunction was appropriate, but requested supplemental briefing on the scope of the injunction. *See* **Doc. 147**. Because Security USA Services' supplemental brief did not address the scope of the injunction, the Court ordered further supplemental briefing from Plaintiff. *See* **Doc. 152**.

> Counterclaimants proposed the following injunction:
>
> Prohibiting Plaintiff as well as its "principals, agents, servants, licensees, employees, successors, assigns, affiliated entities, and all those in privity with it from:
>
> - Using FIREFLY or any colorable imitation or confusingly similar trademark;
>
> - Manufacturing, producing, distributing, circulating, selling, advertising or marketing goods bearing FIREFLY or any colorable imitation thereof;
>
> - Using FIREFLY or any other term in a fashion likely to relate or connect FIREFLY with Security; and
>
> - Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

**Doc. 136 at 9.**  Now that Counterclaimants have provided supplemental briefing justifying the scope of the injunction, the Court generally finds their proposed injunction well-taken, as modified below:

> Security USA Services, LLC as well as (1) its principals, officers, agents, servants, and employees, and (2) those who are in active concert or participation with it who receive actual notice of this injunction, including its successors in interest, subsidiaries, affiliates, and those in privity with it, are prohibited from:
>
> - Using the FIREFLY trademark or any colorable imitation or confusingly similar trademark;
>
> - Manufacturing, producing, distributing, circulating, selling, advertising or marketing goods bearing the FIREFLY mark or any colorable imitation or confusingly similar trademark; and
>
> - Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.
>
> This injunction shall apply nationwide.

The Court directed the parties to opine on the scope of the injunction, including who should be bound by the injunction.  Security USA Services made the following objections to the scope of the injunction: (1) it asserted that Counterclaimants had not shown that a nationwide geographic

2

scope was appropriate, and (2) including EAGL Technology, LLC in the injunction order would violate its due process rights as it has not appeared in this case. Security USA also reargued the merits of entering summary judgment in Counterclaimants' favor on Count I. *See* Docs. 150, 153 (Security USA's supplemental briefing on scope of injunction).

The Court finds that those bound by the injunction should include (1) Security USA Services, (2) its officers, agents, servants, employees, and attorneys, and (3) those in active concert or participation with them. *See* Fed. R. Civ. P. 65. This includes successors in interest, subsidiaries, affiliates, and those in privity with Security USA Services. At this time, it appears the Court need not expressly name EAGL Technology, LLC in the injunction, as entities in active concert or participation with Security USA Services, LLC, including successors in interest and subsidiaries, are included in the scope of the injunction under Fed. R. Civ. P. 65. *See Scalia v. Paragon Contractors Corp.*, 796 F. App'x 962, 968 (10th Cir. 2019) (applying injunction to non-party who was not expressly named in injunction, but was in active concert and participation with enjoined party).

An injunctive order binds a nonparty who is "in active concert or participation with" a party and has actual notice of the order. Fed. R. Civ. P. 65(d)(2)(C). Such an order binds a participating nonparty because if courts didn't have the authority to do so "the named parties could easily thwart the injunction by operating through others." *ClearOne Commc'ns, Inc. v. Bowers,* 651 F.3d 1200, 1215 (10th Cir.2011) (quoting *Sec. & Exch. Comm'n v. Homa,* 514 F.3d 661, 674 (7th Cir.2008)). Accordingly, the rule encompasses an alter ego or someone who aids or abets the named party. *See Reliance Ins. Co. v. Mast Constr. Co.,* 84 F.3d 372, 377 (10th Cir.1996).

"Rule 65 … is derived from the common law doctrine that a decree of injunction not only binds parties but also those identified with them in interest, in privity with them, represented by

them or subject to their control." *Golden State Bottling Co. v. NLRB,* 414 U.S. 168 (1973). Under Subsection (2)(C), injunctions may reach nonparties if: (1) the nonparty "aids or abets a named defendant" in committing the underlying violation or disobeying the court's order, *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 377 (10th Cir. 1996) (citations omitted); or (2) the nonparty is "captured under the general rubric of privity, includ[ing] nonparty successors in interest and nonparties otherwise legally identified with the enjoined party," *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017) (citing *Nat'l Spiritual Assembly*, 628 F.3d at 848–49) (internal quotations omitted). Courts tend to recognize two types of relationships that constitute privity under Rule 65(d)(2)(C): (1) nonparty successors-in-interest and (2) nonparties otherwise 'legally identified' with the enjoined party. *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017); *Scalia v. Paragon Contractors Corp.*, 796 F. App'x 962, 968–69 (10th Cir. 2019) (unpublished) (successor in interest not expressly named in injunction order was appropriately bound by injunction order).

Successor in interest is defined broadly and according to the context of the specific facts before the Court. *See United States v. Conoco Phillips Co.,* 744 F.3d 1199 (10th Cir. 2014) (defining successor in interest by examining the context of two parties' contractual relationships).

Moreover, injunctions may bind nonparties that are otherwise legally identified with the enjoined party. *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 752 (10th Cir. 2011). This includes "persons who are not technically agents or employees" that "may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1155 (10th Cir. 2007), *quoted in BMW of N. Am., LLC v. Issa*, No. 2:19-CV-220, 2020 WL 1325278, at *7 (D. Utah Mar. 20, 2020).

This rule is necessary so "that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945). As explained below, Security USA Services has transferred its rights or interest in the FIREFLY mark to successor or affiliate entities, which has since sold gunshot detection systems with the FIREFLY mark. Therefore, the Court will apply the injunction to those in active concert or participation with Security USA Services. "If courts did not have the authority to do so, the named parties could easily thwart the injunction by operating through others." *ClearOne Communs., Inc. v. Bowers*, 651 F.3d 1200, 1215-16 (10th Cir. 2011). That would be the case there.

Based on Security USA Service's admissions or statements by its officers, and the statements of EAGL Technology's officers, Security USA transferred its rights to the FIREFLY mark to EAGL Technology, a successor in interest or wholly owned affiliate of Security USA Services, LLC. *See* Doc. 8 at 18, Ex. 4 (affidavit of Boaz Raz, CEO of Security USA Services), at 23 Ex. 5(affidavit of Jennifer Russell, VP of Sales at EAGL Technology, and former VP of Security USA Services); *Id.* at 26 Ex. 6 (Mr. Boaz Raz stating that that EAGL is a wholly owned affiliate of Security USA Services, LLC).

In its complaint, Plaintiff Security USA pled that "in 2018, Plaintiff Security USA assigned all right, title and, interest in and to the trademark and trade name FIREFLY to EAGL." Doc. 1-1 at 4, ¶ 9. Moreover, Security USA and EAGL Technology appear to share officers. They appear to have the same CEO, Boaz Raz. Doc. 8 at 18. Moreover, Jennifer Russel, who is the current VP of sales for EAGL, was the VP of sales for Security USA. Doc. 8 at 18, 23. Mr. Raz stated that he is "the Chief Executive Officer of Security USA and [has] served in that position continuously since beginning the company and rolling its interests into EAGL Technology, LLC on or about

June 26, 2017.  As such, I am familiar with EAGL Technology, LLC, [and] Security USA Services LLC….."  Doc. 8 at 18.  He stated that "Security USA, now EAGL Technology, LLC, is engaged in the business of developing, marketing, and installing the FIREFLY® gunshot detection system."  Doc. 8 at 19.  Mr. Raz states that EAGL Technology is the successor to Security USA.  He stated that Security USA adopted and began using "the FIREFLY name to distinguish itself from the service and products of others, which has since such date been used for various products by various successor-in-interest companies, culminating now with EAGL Technology, LLC."  *Id.*  Mr. Raz calls EAGL Technology an "affiliate" or "successor in interest," and asserts it generates substantial revenue from the FIREFLY mark. *Id.* at 19-20.  In a cease-and-desist letter, Mr. Raz called EAGL Technology, LLC a wholly owned affiliate of Security USA Services, LLC. *Id.* at 26, Ex. 6.

On page 3 of its supplemental brief (Doc. 150 at 3), Security USA Services posts a picture of a sensor it calls "Security USA's Sensors."  That picture has a sensor which is labeled "EAGL."  Plaintiff cites to certain exhibits as proof of the international scope of its sales.  *See* Doc. 150-2, 150-3, Exhibits 46, 47. Those invoices are from EAGL Technology. Moreover, the Court reviewed the affidavit of Jennifer Russell, Vice President of Sales for EAGL Technology, LLC.  *see* Doc. 8 at 23, Ex. 5. Ms. Russell previously served in that position for Security USA.  She has served as the VP of sales "continuously since beginning the company and rolling its interests into EAGL Technology, LLC." *Id.* Security USA attributed sales made by EAGL to itself.  *See* Doc. 106, Ex.7 at 1.

Based on this record, the Court finds it appropriate for the injunction to apply to those who are in active concert or participation with Security USA Services or its officers or employees, including successors in interests, subsidiaries, and affiliates.

Security USA Services asserts that due process will be violated if the Court expressly names EAGL Technology in the injunction order, as EAGL Technology has not appeared in this case.  But the Court need not expressly include EAGL Technology in the injunction order, as the injunction order applies to any entity or person, including EAGL Technology, if it is acting in active concert or participation with Security USA Services, LLC and receives actual notice of the injunction. *See, e.g., Scalia v. Paragon Contractors Corp.*, 796 F. App'x 962, 968 (10th Cir. 2019) (injunction applied to entity not expressly listed in injunction order where they acted in concert with bound parties).

The Court also finds that the appropriate geographic scope for the injunction is nationwide. In a trademark infringement case, the geographical scope of an injunction is determined by the mark's market penetration, which includes where the counterclaimant has marketed or sold its product. *See Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1046–47 (10th Cir. 2021).  Here, Counterclaimants established that they used the FIREFLY mark in commerce nationwide, marketed and sold its products nationwide, and obtained actual market penetration nationwide.  Doc. 125 at 3.  The Court found that, based on the record and briefing before the Court at the time,  "Defendants continuously used the mark in nationwide commerce prior to Plaintiff's use or registration of the mark."  Doc. 94 at 5.  This has not been disputed by Security USA Services, but has previously been admitted:

> • "Defendants Invariant Corp. and Hyperion Technology Group, Inc . . . *have in conjunction been marketing a gun-shot detection system under the name FIREFLY throughout the United States*." Doc 8 at 2 (emphasis added).
> • [Plaintiff sought] "*the cessation of the Defendants' practice of using the FIREFLY® mark in commerce throughout the United States and on their websites*." *Id*. at 2 (emphasis added).
> • "[Defendants used "FIREFLY] in connection with a gun-shot detection system, *both on products and in national commercial advertising and websites*." *Id*. at 5 (emphasis added).

- "Defendants have *been promoting their product under the name FIREFLY and have been advertising nationally on their websites, creating known confusion of the products in national commerce.*" *Id*. at 4 (emphasis added).
- "[There is] *use by the Defendants of FIREFLY in national commerce*." *Id*. at 8 (emphasis added)

Finally, counterclaimants proposed prohibiting Security USA Services from using the FIREFLY trademark or "any colorable imitation or confusingly similar trademark." Doc. 136 at 9. Security USA did not object to this quoted language or scope, and the Court finds it otherwise appropriate. *See, e.g., Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1046 (10th Cir. 2021) (approving similar "colorable imitation" language in injunction), *cert. granted sub nom. Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 214 L. Ed. 2d 197, 143 S. Ct. 398 (2022).

Therefore, the Court enjoins Security USA Services, LLC as follows:

Security USA Services, LLC as well as (1) its principals, officers, agents, servants, and employees, and (2) those who are in active concert or participation with it who receive actual notice of this injunction, including its successors in interest, subsidiaries, affiliates, and those in privity with it, are prohibited from:

- Using the FIREFLY trademark or any colorable imitation or confusingly similar trademark;

- Manufacturing, producing, distributing, circulating, selling, advertising or marketing goods bearing the FIREFLY mark, or any colorable imitation or confusingly similar trademark; and

- Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

This injunction shall apply nationwide.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**