## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SECURITY USA SERVICES, LLC,

       Plaintiff / Counter-defendant,

    v.                                 No. 1:20-cv-01100-KWR-KRS

INVARIANT CORP., and
HYPERION TECHNOLOGY GROUP, INC.,

       Defendants / Counterclaimants.

## <u>ORDER DENYING STAY PENDING APPEAL</u>

**THIS MATTER** comes before the Court upon Security USA Services, LLC's Motion for Stay Pending Appeal.  Doc. 169.  Plaintiff appears to request that the Court enter an order before July 28, 2023.  *See* Doc. 169 at 1.  Therefore, at Plaintiff's request, the Court will rule on the motion before it is fully briefed.

Plaintiff asserts that the Court should stay this case pending appeal, as the issues raised in the Motion for Attorneys' fees, Motion to Enforce Judgment, and Motion for Joinder are "controlling questions of law."

As Defendants argue, the motion for stay pending appeal is not well taken and is denied. Plaintiff does not cite to authority or make arguments in support of the stay.  *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

Even if the Court were to consider the relevant standard *sua sponte*, the Court finds that Plaintiff has not carried its burden.  The authority to stay proceedings is "incidental to the power

inherent in every court to control the disposition of causes on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Additionally, a district court's authority to stay a case pending appeal is implied through Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a). *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755. 760 (D.C. Cir. 1980).

Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Supreme Court has characterized the standard for a stay pending appeal as requiring a "strong showing" that the applicant is likely to succeed on the merits. *Hilton v. Braunskill*, 481 U.S. at 776, 107 S.Ct. 2113 (citations omitted); *accord Nken v. Holder*, 556 U.S. at 434, 129 S.Ct. 1749 (requiring a "strong showing" of likelihood of success).

Plaintiff has neither argued any factor nor made a showing, and therefore the Court finds the stay is not well taken. Plaintiff has not made a showing that it is likely to succeed on appeal, or that it would be irreparably injured. *See, e.g., United States v. Various Tracts of Land in Muskogee & Cherokee Ctys.*, 74 F.3d 197, 198 (10th Cir. 1996) (conclusory arguments on merits insufficient for appellant to show likely to succeed on merits or irreparably harmed).  Therefore, Plaintiff's Motion to Stay Pending Appeal (Doc. 169) is denied.

Plaintiff's responses to the Motion for Joinder (Doc. 163) Motion for Attorney Fees (Doc. 164) and Motion to Enforce Judgment (Doc. 165) shall be extended to August 4, 2023.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**